IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-21-TAV-DCP |
| | ) | |
| ANMING HU, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 30, 2020, for a pretrial conference, pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 2, and motion hearing on Defendant Anming Hu's Motion to Continue [Doc. 19], filed on March 27, 2020.[1] Assistant United States Attorneys Casey Thomas Arrowood and Frank M. Dale, Jr., appeared on behalf of the Government. Attorney A. Philip Lomonaco represented Defendant Anming Hu, who was also present.

AUSA Arrowood stated that the Government moved for a pretrial conference pursuant to § 2 of CIPA for several reasons, one being to put the Court and the Defendant on notice that this case involves classified information. He stated that after conducting a review of the classified information in this case, the Government has identified thirty (30) documents, which it has requested be declassified. AUSA Arrowood stated he expects to be able to provide these thirty

---

[1] The Court also addressed the Defendant's Motion for Change of Bond Conditions [Doc. 23], which is addressed in a separate Order.

documents to the defense by May 15, 2020. He said a number of other documents will remain classified and subject to CIPA. He proposed filing a motion under § 4 of CIPA to prevent the disclosure of the classified information by July 1, 2020. He said the Government would be attaching a declaration, discussing the damage to national security from disclosure of the classified information, and it would take some time to obtain this declaration from the appropriate official.

Mr. Lomonaco stated that § 4 of CIPA requires the Court to evaluate whether the Government has made a "sufficient showing," before permitting the Government to shield relevant information from discovery. Mr. Lomonaco said Defendant Hu did not work with classified information, and the defense disagrees with the withholding of relevant information. He stated the theory underlying the Defendant's defense is that he is being prosecuted because he is Chinese. Mr. Lomonaco asked the Court to evaluate objectively the relevance and usefulness of the information the Government seeks to withhold. The Court noted that CIPA provides procedures for the Court to evaluate information the Government seeks to withhold because it is classified, that the Court would fully comply with CIPA, and that the Defendant would be given an opportunity to share the defense theory with the Court *ex parte*.

In his motion to continue, the Defendant asks [Doc. 19] the Court to extend the March 31 motion deadline at least to May 4, 2020. He notes that the requested extension will require a continuance of the May 5 trial date, to which the Government does not object. The Defendant relates that this case involves several novel issues and that the complexity of the case requires additional research on the part of defense counsel. The Defendant contends that the procedures relating to classified information also require more time in this case and that additional motion practice may be necessary in relation to that information. Finally, the Defendant contends that

restrictions on public gatherings due to COVID-19 may factor into the timing of this case. The motion relates that both parties agree the ends of justice served by a continuance outweigh the interests of the public and the Defendant in a speedy trial.

The Court discussed a new schedule with the parties. AUSA Arrowood said the Government has turned over all discovery in this case, with the exception of the classified information and the thirty documents that are being declassified and disclosed by May 15. Mr. Lomonaco stated that he intends to request additional discovery, but he will seek this information from the Government before filing a motion. He stated the Defendant intends to file several pretrial motions based on the information he has received or hopes to obtain. Mr. Lomonaco agreed that he could file pretrial motions, except for any motions relating to CIPA, within two weeks of receiving the remaining discovery on May 15. The parties agreed on a new trial date of December 1, 2020.

First, the Court observes that the May 5, 2020 trial date in this case must be continued pursuant to the Standing Orders of this Court. On March 16, 2020, Chief United States District Judge Pamela L. Reeves entered Standing Order 20-06, which provides as follows:

> Given that the World Health Organization has declared the Coronavirus Disease 2019 (COVID-19) a pandemic, that the Governor of the State of Tennessee has declared a public health emergency throughout the state in response to the spread of COVID-19 and given that the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, it is hereby ORDERED that, effective immediately:
>
> . . . .
>
> 2. Subject to any exceptions identified [in this Order], all civil and criminal jury trials scheduled to commence from March 16, 2020 through April 24, 2020, before any district or magistrate judge in any division in the Eastern

> District of Tennessee are **CONTINUED**, except as otherwise ordered by the presiding judge. . . . .
>
> 3. With regard to criminal jury trials, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of counsel and Court staff to be present in the courtroom, the risks posed to the jurors and the public, the time period of the continuances implemented by this Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)A).

E.D.TN. SO-20-06. On April 15, 2020, Chief Judge Reeves issued Standing Order 20-11, extending the April 24 deadline in SO-20-06 to May 4, 2020, because "the COVID-19 pandemic continues and . . . the Governor of Tennessee has extended the state-wide "Stay-At-Home" order through May 1, 2020[.]" On April 24, 2020, Chief Judge Reeves extended the May 4 deadline to May 30, 2020, in Standing Order 20-12, based upon the continuation of the COVID-19 pandemic and "guidance from the CDC as well as federal, state, and local public health authorities[.]" Thus, the trial of this case cannot occur on May 5, 2020.

Moreover, the Court finds the Defendant's motion to continue the motion deadline and trial to be unopposed by the Government and well-taken. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that this case involves novel legal issues, to include information that the Government seeks to withhold from discovery under the CIPA, such that "it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court first addressed the Defendant's Motion to Continue at a pretrial conference on April

4

16, 2020, but found that it could not set a schedule or a new trial date in this case, until it had more information about the Government's CIPA motion. Litigation of that motion and issues relating to classified information will take at least four months. Thus, the Court finds this case to be complex for speedy trial purposes. *Id.*

Additionally, the Court finds that defense counsel will be receiving additional discovery on May 15, 2020, and needs time to prepare and file pretrial motions, to confer with Defendant Hu, and to prepare the case for trial. The Court finds that litigation of the issues relating to classified information and the remaining trial preparations cannot take place in less than seven months. Thus, the Court finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motion to continue [**Doc. 19**] is **GRANTED**. The trial of this case is reset to **December 1, 2020**. The Court finds that all the time between the filing of the motion on March 27, 2020, and the new trial date of December 1, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B); E.D.TN SO-20-06, E.D.TN SO-20-11, E.D.TN SO-20-12. The Court also set a new schedule in this case, which is stated in detail below. Accordingly, it is **ORDERED** as follows:

(1) The motion to continue [**Doc. 19**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **December 1, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **March 27, 2020**, and the new trial date of **December 1, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) This case is declared to be **COMPLEX** for purposes of the Speedy Trial Act;

5

(5) The new deadline for filing pretrial motions not related to classified information is **June 15, 2020**. Responses to pretrial motions are due on or before **July 6, 2020**;

(6) The Government's deadline for filing its *ex parte* motion pursuant to § 4 of the CIPA is **July 1, 2020**. The Defendant may file an *ex parte* statement of his defense theories by this same date;[2]

(7) The parties shall appear before the undersigned on **July 15, 2020, at 1:30 p.m.**, for a motion hearing on all pending motions not related to CIPA;

(8) The Court intends to schedule an *ex parte* hearing on the Government's § 4 motion in August 2020. The date and time for this hearing will be set at a later time;

(9) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **November 2, 2020**;

(10) Motions *in limine* must be filed no later than **November 16, 2020**;

(11) The final pretrial conference will take place before the undersigned on **November 17, 2020, at 1:30 p.m.**; and

(12) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **November 20, 2020**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] At the pretrial conference on April 16, 2020, the Defendant asked to file an *ex parte* proffer of his defense theories for the Court to consider in relation to the Government's § 4 motion. The Government maintained that CIPA does not address an *ex parte* statement by the defense but that it does not object to an *ex parte* statement by the Defendant in this case.