EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-CR-21-TAV-DCP |
| | ) |
| ANMING HU, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

    All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion for Change of Bond Conditions [Doc. 23], filed on April 22, 2020. Following a detention hearing on March 3, 2020, the Defendant was released on conditions [Doc. 14], including home incarceration and electronic monitoring. As specified in the Order Setting Conditions of Release [Doc. 14], home incarceration means the Defendant is "restricted to 24-hour-a-day lock-down at [his] residence except for medical necessities and court appearances or other activities specifically approved by the court." Defendant Hu asks [Doc. 23] for a modification of his conditions to permit him to leave his residence for a few hours weekly to shop for groceries. He also asks to be allowed to check his mail at the end of his driveway and to leave his house to go onto his back porch. The Defendant states that currently members of his church do his grocery shopping, take out his trash, pick up his mail, and perform other services that the Defendant cannot do himself, because he cannot leave his house.

The parties appeared for a motion hearing on April 30, 2020. Assistant United States Attorneys Casey Thomas Arrowood and Frank M. Dale, Jr., appeared on behalf of the Government. Attorney A. Philip Lomonaco represented Defendant Anming Hu, who was also present. Mr. Lomonaco stated that Defendant Hu lives by himself and must rely on people from his church to bring him food, mow his grass, get his mail, and take out his trash. Mr. Lomonaco said the Defendant asks for a modest revision of his conditions to permit him to leave his house for three hours each week to go to the store or to mow his own grass. He also asks to be able to check his mail and to sit on his porch. Mr. Lomonaco stated that the Defendant would notify his supervising probation officer by telephone when he was leaving his house. He agreed that the Defendant's fellow church members are assisting him without complaint but stated that the Defendant would like to be able to do these things for himself.

AUSA Arrowood stated that he had discussed the motion with the Defendant's probation officer and learned that the United States Probation Office objected to the requested modification. He said the Government had no additional facts and would defer to the Probation Office.

At the Court's request, United States Probation Officer Travis Worthington provided a report on the Defendant's compliance with conditions. He noted that on April 3, 2020, the officer in charge of electronic monitoring received notifications from the Defendant's ankle monitor. The Probation Office was not able to contact the Defendant by telephone, despite multiple attempts. Calls to the Defendant's cellular telephone resulted in a message that the number was no longer in service. Calls to his landline received no answer. Mr. Worthington learned from the Defendant's son that the Defendant had changed his cellular telephone number. Mr. Worthington was subsequently able to contact the Defendant by telephone and told him that

he must answer his landline at all times and must inform the Probation Office of any changes to his phone number. The Defendant explained to Mr. Worthington that he did not answer his landline when the caller was identified as "unknown" or "anonymous," and he apologized for the issue.

Mr. Lomonaco stated that the Defendant did not realize that changing his cellular phone number would create an issue and that the Defendant did not intend to do anything wrong. The Defendant said he changed his cellular telephone number because he switched from a business plan. He said he thought the need to notify the probation officer of any changes to his number meant only his home number.

The Court has considered the Defendant's request for a modification of his conditions, along with the information provided at the April 30 motion hearing. The Court notes that the Defendant's release on conditions was strongly contested. The Court found [Doc. 15] the Government established by a preponderance of the evidence that the Defendant poses a serious risk of flight. However, the Court also found that home incarceration in combination with electronic monitoring and other conditions would reasonably mitigate the risk that the Defendant will flee. The Court does not find it appropriate to modify these conditions less than two months after the Defendant's release. Accordingly, the Defendant's Motion for Change of Bond Conditions [**Doc. 23**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge