IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:20-CR-021-TAV-DCP |
| ANMING HU, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

Now before the Court are Defendant Hu's Motion to Unseal Documents [Doc. 38], Motion for the Government to Provide Translation [Doc. 39], and Motion to Direct the Government to Produce any Rule 404(B) Type Evidence of Other Crimes or Bad Acts by the Defendant [Doc. 40]. For the reasons discussed in full below, Defendant's Motion to Unseal Documents [Doc. 38] will be **DENIED AS MOOT**, Defendant's Motion for the Government to Provide Translation [Doc. 39] will be **GRANTED**, and Defendant's Motion to Direct the Government to Produce Any Rule 404(b) Type Evidence [Doc. 40] will be **DENIED**.

**I.  DEFENDANT'S MOTION TO UNSEAL DOCUMENTS**

Defendant requests [Doc. 38] that the Court order the Government to unseal all remaining sealed documents in this case, excluding material under the Classified Information Procedures Act ("CIPA"). The Government responds [Doc. 42] that it does not object to Defendant's request to

unseal all remaining sealed documents, excluding material connected to the Government's filings pursuant to CIPA.

During the July 30, 2020 motion hearing on Defendant's motion to dismiss [Doc. 34], the Court instructed the parties that aside from the CIPA material in this case, nothing on the docket indicated that any remaining documents were sealed in this case. [Doc. 48]. Attorney Phil Lomonaco, defense counsel, stated that he believed that a search warrant was sealed, but could not direct the Court to any docket entry. Assistant United States Attorney Casey Arrowood, appearing on behalf of the Government, stated that to the extent any search warrant remains unsealed, the Government would not object to it being unsealed. However, Attorney Lomonaco stated that Defendant would work with the Government on any pending documents that he believed should be unsealed.

Therefore, in light of the lack of sealed documents—not related to CIPA material— remaining on the Court's record, Defendant's motion [**Doc. 38**] will be **DENIED AS MOOT**, **without prejudice to refile**, due to the parties' agreement to work together on any remaining sealed documents in discovery.

## II. DEFENDANT'S MOTION FOR THE GOVERNMENT TO PROVIDE TRANSLATION FOR ANY DOCUMENT THAT THE GOVERNMENT INTENDS TO USE IN ITS CASE IN-CHIEF

Defendant moves [Doc. 39] for the Court to order that "any document written in Chinese [that] the Government intends to offer in this case be translated into English prior to trial and be provided to the Defendant along with the English translation." [*Id.* at 1]. The Government responds [Doc. 43] that it does not object to Defendant's request and "will provide the defendant with English translations of documents written in Chinese that the Government anticipates offering into evidence in this case in advance of trial." [*Id.* at 1]. During the July 30, 2020 motion hearing,

the parties agreed that the Government would provide such translation a week before the trial in this case.

Accordingly, Defendant's Motion for the Government to Provide Translation [**Doc. 39**] is **GRANTED** and the Government is **DIRECTED** to provide English translations of documents written in Chinese that the Government anticipates offering into evidence in this case **at least seven days** before trial.

### III. DEFENDANT'S MOTION TO DIRECT THE GOVERNMENT TO PRODUCE ANY RULE 404(b) TYPE EVIDENCE OF OTHER CRIMES OR BAD ACTS BY THE DEFENDANT

Defendant requests [Doc. 40] that the Court direct the Government to disclose and produce any evidence of crimes or bad acts outlined in Federal Rule of Evidence 404(b), to specifically include "any evidence of other crimes or bad acts involving the Defendant's publication procurement or use of the publications the Defendant has created or been [a] part of creating during his employment with the University of Tennessee." [*Id.* at 1].

The Government responds [Doc. 44] that it agrees to "provide such evidence to the defendant in accordance with this Court's Order on Discovery and Scheduling." [*Id.* at 1]. The Court's Order on Discovery and Scheduling [Doc. 20 at ¶ I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. During the July 30, 2020 motion hearing, Defendant agreed to the Government providing notice of any Rule 404(b) evidence at least seven days before trial.

In his motion, Defendant also "requests a hearing prior to this type of evidence being presented to the Jury." [Doc. 40 at 2]. However, the Government has not provided any Rule 404(b) evidence to Defendant at this time. As the Government will be required to provide notice of any such evidence before trial, Defendant's concerns regarding its admissibility are more

3

properly addressed at a later time. Accordingly, as the Court finds no reason to disturb the seven-day time frame provided in the previous Order on Discovery and Scheduling [Doc. 20], and in light of the parties' agreement, Defendant's Motion to Direct the Government to Produce Any Rule 404(b) Type Evidence [Doc. 40] will be **DENIED**, with the issue of the need for a jury-out hearing being subject to renewal with the District Judge at trial.

IV. **CONCLUSION**

Accordingly, for the reasons set forth above:

1. Defendant's Motion to Unseal [**Doc. 38**] will be **DENIED AS MOOT**, **without prejudice to refile**, due to the parties' agreement to work together on any remaining sealed documents in discovery;

2. Defendant's Motion for the Government to Provide Translation [**Doc. 39**] is **GRANTED** and the Government is **DIRECTED** to provide English translations of documents written in Chinese that the Government anticipates offering into evidence in this case **at least seven days** before trial; and

3. Defendant's Motion to Direct the Government to Produce Any Rule 404(b) Type Evidence [Doc. 40] will be **DENIED**, with the issue of the need for a jury-out hearing being subject to renewal with the District Judge at trial.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge