UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:20-CR-00021 |
| | ) |
| ANMING HU | ) |
| | ) |

## DEFENDANT ANMING HU'S OBJECTION TO THE HONORABLE MAGISTRATE'S REPORT & RECOMMENDATION, DOC. 51

Now comes Anming Hu, hereinafter referred to as Prof. Hu and respectfully objects and disagrees with the Report & Recommendation offered by the Honorable Magistrate Judge, filed September 8th, 2020, (Doc. 51). Prof. Hu would also adopt his legal arguments and exhibits in his original motion and brief to dismiss for vagueness (Doc.'s 34, 36 and 47) and further asks for an in-court hearing on this important legal issue.

## INTRODUCTION

First and foremost, the Honorable Magistrate Judge committed serious error in her Report and Recommendation. At the bottom of pages (6 and 11), Doc. 51, the Magistrate relied on the Government's assertion that it may "prove specific intent in this case by introducing evidence regarding the meaning of the NCFR (NASA Chinese Funding Restriction)". The NCFR is a federal regulation restricting NASA, as discussed below. The Government is not allowed to tell a jury what a law means.[1] It is the duty of the court to interpret or explain the meaning of the law.

---

[1] The court must interpret a statute under the proper cannons of statutory interpretation. *Mitchell* v. *Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). "Under accepted canons of statutory interpretation, we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." Id. The first thing the court must look at is the plain meaning of the statutory language. See *King v. Burwell*, 135 S. Ct. 2480, 2489 (2015) ("If the statutory language is plain, we must enforce it according to its terms."); *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 557-58 (1990).

1

Taking it a step further, the Magistrate states, "Thus, at issue is the role of the NCFR, in the context of the sufficiency of the Indictment." The Defense does not understand that reasoning but observes the Magistrate is dismissing Prof. Hu motion because "the NCFR has no bering on the question of the indictment's sufficiency." (Id. p.7) The Government is trying to lead the Magistrate Court down a rabbit hole into an issue of sufficiency of the indictment and then ultimately, sufficiency of the evidence. By going down this path, the Magistrate Court ultimately recommends the motion be denied because the "Defendant's assertion that the NCFR is vague will go to the sufficiency of the evidence against him." Citing *United States v. Larm*, 824 F.2d 780, 784 (9th Cir. 1987) (Doc. 51, p.12). *United States v. Larm* doesn't say that. It is not a void for vagueness case.[2] The Magistrate proffered Larm to switch to a sufficiency of the evidence analysis because such argument would curtail a pre-trial dismissal. Prof. Hu needs a Court that will be independent of the Government's influence.

Prof. Hu has stated repeatedly, "the facts are not in dispute." The indictment is what it is, but the NASA Restriction, as written, is incomprehensible. This is a testing of the law and whether it gave adequate notice to Prof. Hu. The magistrate cites the correct law when stating, challenging an indictment for failure to state an offense can only be raised when the issue is a matter of law and the relevant facts are undisputed. *United States v. Levin*, 973 F2d 463, 468 (6th Cir. 1992) (Doc. 51, p. 12) But then, the Magistrate changes the issue from a question of law to a question of fact. The Court must determine the meaning and application of the NASA Chinese Restriction, if it can.

---

[2] *U.S. v. Larm* is not a void for vagueness case. The case involved whether the Defendants made false statements about the billing codes and the sufficiency of the evidence was whether there was sufficient evidence for the jury to believe the Defendants lied. The Defendants never raised the void for vagueness defense, nor did the court analyze the doctrine.

That is a question of law.

The Magistrate is persuaded this is a sufficiency of the evidence analysis following the Government' reasoning that it will be permitted to introduce evidence of the meaning of the NASA Restriction. The Magistrate and Government are incorrect. The Court has to define this act. And, this ruling is going to set precedent for all the NASA Restriction cases the FBI is starting all over the country. The Court must be bold in its findings, because letting the government set the meaning of the NASA Restriction will topple the Scales of Justice and in effect let the FBI control the Court.

The Judiciary must remain free to "say what the law is" in any given case or controversy. See, *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L. Ed. 60 (1803). *Hadix v. Johnson*, 144 F.3d 925, 939-40 (6th Cir. 1998).

The Government cannot even introduce expert testimony.

> Expert testimony on the law is excluded because the trial judge does not need the judgment of witnesses. *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984); accord, *Molecular Tech. Corp. v. Valentine,* 925 F.2d 910, 919 (6th Cir. 1991); *Shahid v. Detroit*, 889 F.2d 1543, 1547-48 (6th Cir. 1989). Although expert testimony may "embrace an ultimate issue," it may not "define legal terms" or "state impermissible legal conclusions." *Killion v. KeHE Distribs.*, LLC, 761 F.3d 574, 592-93 (6th Cir. 2014) (internal brackets and quotation marks omitted).

On page 2 of the Report & Recommendation the Court adopts the Government's argument that China, or Chinese owned companies, include Chinese universities, which are to be considered incorporated under the laws of the People's Republic of China. That inclusion is not in the language of the NASA Restriction. It is important to note that the inclusion is a NASA interpretation of the very act that was enacted to regulate NASA. In other word, NASA is defining the restriction that was enacted against NASA itself, and

3

Case 3:20-cr-00021-TAV-DCP   Document 52   Filed 09/22/20   Page 3 of 10   PageID #: 537

the Magistrate Court is already relying on this as an official interpretation of the NASA restriction. Prof. Hu is asking the Court to dismiss the indictment against him based on the vague wording of the actual restriction, not NASA's interpretation, not the Governments interpretation nor the Magistrate Court's interpretation.

The Court points out Prof. Hu wrote the Restriction is "an essential element to committing the charged offense." (P.2 R&R, Doc. 51). Actually, what Prof. Hu asserts is the "**understanding**" of the Restriction is an essential component to committing the charged offense of wire fraud. It is a reasonable assertion since the alleged fraud requires a knowing willful act on behalf of Professor Hu therefore, the only way he can commit fraud is to understand what he is doing would violate the NASA Restriction. If he does not understand the Restriction, how can he knowingly commit fraud.

The only defense the Government has preferred to defeat Prof. Hu's Motion is that violating the NASA Restriction is not an element of wire fraud. (Doc. 41. P. 4) The Court relies on the Government's defense. However, fraud cases sometimes center on an interpretive question of law and "the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law," *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002), *U.S. v. Maxwell*, 579 F.3d 1282, 1302 (11th Cir. 2009). In *Whiteside*, the Defendants were charged with fraud but the court had to look at the interpretation of medicare regulations and concluded, "competing interpretations of the applicable law [are] far too reasonable to justify these convictions." 285 f3d @1353. As in the case at bar, this Honorable Court may look at the regulation that Prof. Hu was asked to assure to determine whether he could interpret the regulation in a way that would not indicate a fraudulent scheme. In

4

this case the regulation (NCFR) was so vague, this case should not go to trial, but be dismissed.

Hu agrees he is not charged with violating NASA's Chinese Funding Restriction (NCFR). He is charged with knowingly tricking NASA into believing NASA was not violating its own NASA restriction when it gave grant money to UT. Therefore, if fraud is a knowing, willful crime, there is no way that Prof. Hu could knowingly, willfully commit fraud unless he understands the dictates of the NASA restriction. And, the NASA Restriction is so confusing, he should not have to go through the crucible of a trial. That is the crux and stronghold of Professor Hu's argument . He could not form specific intent if he could not understand the dictates of the Restriction. The Government's arrogance to Professor Hu's defense by the way they argued at the hearing implies they expect the Court to rule in its favor no matter how their theory is proffered.

## **TWO POINTS THE COURT MUST CONSIDER**

First, the Court must determine whether a non-criminal regulation such as the NASA Chinese Restriction can, or must be analyzed for vagueness. The magistrate takes a narrow view of the Void for Vagueness theory stating the motion to dismiss on vagueness grounds "lacks merit on a fundamental level," because he "cites no cases applying the void-for-vaguness doctrine to a provision of an appropriation law delineating the restriction of funding by a governmental agency." (Doc. 51, p.9). Going on, the Magistrate again limits the scope of the void for vagueness doctrine by stating, "we are dealing with a provision of the NCFA that imposes neither criminal liability nor civil penalty, upon the Defendant's conduct. Accordingly, the void for vagueness doctrine does not apply."

5

(Doc. 51, p. 10). The magistrate has construed the doctrine too narrowly. This may be a case of first impression but the doctrine is sound and the requested relief is appropriate.

Contrary to the Magistrate's limited view of the Void for Vagueness Doctrine, the United States Supreme Court has applied the law of vagueness to all matters of law.

> "We have become accustomed to using the Due Process Clauses to invalidate laws on the ground of "vagueness." The doctrine we have developed is quite sweeping: "A statute can be impermissibly vague . . . if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732, 120 S. Ct. 2480, 147 L. Ed. 2d 597 (2000). Using this framework, we have nullified a wide range of enactments. We have struck down laws ranging from city ordinances, *Papachristou v. Jacksonville*, 405 U.S. 156, 165-171, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972), to Acts of Congress, *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 89-93, 41 S.Ct. 298, 65 L. Ed. 516 (1921). We have struck down laws whether they are penal, *Lanzetta v. New Jersey*, 306 U.S. 451, 452, 458, 59 S. Ct. 618, 83 L. Ed. 888 (1939), or not, *Keyishian v. Board of Regents of Univ. of State of N. Y.*, 385 U.S. 589, 597-604, 87 S. Ct. 675, 17 L. Ed. 2d 629 (1967). We have struck down laws addressing subjects ranging from abortion, *Colautti v. Franklin*, 439 U.S. 379, 390, 99 S. Ct. 675, 58 L. Ed. 2d 596 (1979), and obscenity, *Winters v. New York*, 333 U.S. 507, 517-520, 68 S. Ct. 665, 92 L. Ed. 840 (1948), to the minimum wage, *Connally v. General Constr. Co.*, 269 U.S. 385, 390-395, 46 S. Ct. 126, 70 L. Ed. 322 (1926), and antitrust, *Cline v. Frink Dairy Co.*, 274 U.S. 445, 453-465, [*613] 47 S. Ct. 681, 71 L. Ed. 1146 (1927). We have even struck down a [**2567] law using a term that has been used to describe criminal conduct in this country since before the Constitution was ratified. *Chicago v. Morales*, 527 U.S. 41, 51, 119 S. Ct. 1849, 144 L. Ed. 2d 67 (1999) (invalidating a "loitering" law); see id., at 113, [***589] 119 S. Ct. 1849, 144 L. Ed. 2d 67, and n. 10 (Thomas, J., dissenting) (discussing a 1764 Georgia law requiring the apprehension of "all able bodied persons . . . who shall be found loitering")."
> *Johnson v. United States*, 576 U.S. 591, 612-13, 135 S. Ct. 2551, 2566-67 (2015).

Second, the Court must look at the regulation to determine if it is too vague to require Prof. Hu to defend himself at a trial. The NASA Restriction was impermissibly vague because it failed to provide prof. Hu, a person of ordinary intelligence, a reasonable opportunity to understand what conduct he was prohibited from doing. The Court can

nullify the NASA Restriction as applied to Prof. Hu, if it is too vague for a reasonable person to form specific intent to commit fraud. In the *United States v. Levin,* 973 F.2d 463 (6th Cir. 1992). the 6th Cir. affirmed a District Court dismissal of over 500 counts of the indictment pre-trial finding the application of the law to the undisputed facts showed that the government could not satisfy its burden of proof. *Levin* was a 6th Circuit pre-trial dismissal.

Just as in Levin, this case can be dismissed pre-trial if the Court finds, after a legal analysis of the act, the NCFR is too vague to allow Prof. Hu to understand the act and form specific intent, thereby showing the Government could not satisfy its burden of proof.

If the Court looks at the language of the NASA Restriction under a void for vagueness analysis, then Professor Hu's case would be dismissed because there is no question the NASA Restriction is absolutely misleading, vague and incomprehensible. The history of the regulation supports its confusion. (See exhibits in Prof. Hu's initial motion to Dismiss. (Doc. 36)

The Magistrate Court is flip flopping in its attempt to find reasons to deny the Defendant's Motion. The Court states the void for vagueness doctrine is "principally" employed in the interpretation and application of criminal statutes and "generally requires" that a penal statute define the criminal offense with sufficient definitiveness that ordinary people can understand. The Court supports the Defendant's argument by stating "a party has standing to raise of vagueness challenge only in so far as the statute is vague as applied to his or her specific conduct." That is exactly what Professor Hu is confronted with and asserts. Merely because, as the Magistrate argued, no case has apparently ever

7

applied the void for vagueness doctrine to a provision of a state constitution delineating the powers of a branch of the Government, does not mean that it cannot be applied in this case to a federal regulation.  Common sense dictates that Professor Hu should not have to go through the pain and punishment of a criminal indictment under these circumstances.

The Magistrate goes to some length to separate the NASA Restriction and wire fraud by ruling the NCFR neither imposes criminal liability or civil penalty.  However the U.S. Supreme Court has painted the Void-for-Vaguness doctrine with a broad brush. If the Court is willing to let this case go to a jury, where the Government, and all its power, is going to tell the Jury what the confines of the NASA Restriction are, then there will be no justice in this case.

If the Court denies Professor Hu's Motion because the regulation is not criminal, then the whole judicial system involving fair notice falls apart.

The Magistrate said the case Professor Hu cited was inapposite. Citing *Wolfel vs. Morris*, 972 Fed II 712, 717 (6th Circuit 1992), stating that the NASA Appropriation Law does not regulate the Defendant's conduct.(Page 10 Doc. 51)  The NASA Restriction certainly does regulate the Defendant's conduct. If he had known and understood the restriction, according to the Government's interpretation, he would be regulated and restrained from applying as the chief investigator on the NASA grant.       Drawing from the Government's argument, the Magistrate Court said that "criminal liability does not rest on the Government proving that the Defendant violated the NCFR". No, it rests on the Defendant knowing he violated it. With the NASA Restriction being so vague, as to

8

who is suppose to do what, the facts clearly demonstrate that Professor Hu did not know what dictates were placed on him by the NASA Restriction.

Even though the Court attempts to simplify the charges against Professor Hu and clarify the questions in this case on Page 11 of the Report & Recommendation, stating that "Defendant knowingly devised a scheme and made false statements intending to induce NASA to make project payments that it otherwise would not have made to UTK." The Court cannot get away from the fact that Professor Hu has to have known the meaning of the NASA Restriction and its constraints before he could intentionally knowingly and falsely devise a scheme to induce NASA to make the payments.

## CONCLUSION

If this case is to go to trial, this Honorable Court will be tasked to define the NASA Restriction. The Jury will be asked to determine whether Professor Hu knowingly and willfully tricked NASA into believing it was in compliance with the NASA Restriction. Did having a part-time affiliation with a Chinese University make Prof. Hu "China or a Chinese Company?" Does the NASA Restriction say "affiliation" makes Prof. Hu China or a Chinese Company? Will this Honorable Court instruct the Jury that an affiliation would make Prof. Hu China or a Chinese Company?

The Restriction is too vague for an ordinary person to understand what conduct is required, and it encourages arbitrary and discriminatory enforcement. (ie. How much "affiliation is enough?)

The Department of Justice and the FBI are stretching the meaning and application of a confusing restriction to arrest yet another Chinese Professor for some fear of Chinese espionage.

9

Case 3:20-cr-00021-TAV-DCP   Document 52   Filed 09/22/20   Page 9 of 10   PageID #: 543

Justice demands the Court apply the vagueness doctrine and dismiss the case.

Respectfully submitted this 22th day of September, 2020.

s/A. Philip Lomonaco
A. Philip Lomonaco, BPR#011579
800 S. Gay Street, Suite 1950
Knoxville, TN 37929
(865) 521-7422
(865) 521-7433 fax
phillomonaco@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U. S. Mail. Parties may access this filing through the Court's electronic filing system.

s/A. Philip Lomonaco