UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | Case No. 3:20-CR-21 |
|---|---|
| v. | JUDGES VARLAN/POPLIN |
| ANMING HU | |

**THE GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO REPORT AND RECOMMENDATION DENYING MOTION TO DISMISS**

The United States of America, by J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, hereby responds to the Defendant Anming Hu's Objection to the Honorable Magistrate's Report & Recommendation denying his Motion to Dismiss the Indictment. (Doc. 52.)

In his Motion to Dismiss, the Defendant argues that the statutory prohibition on the National Aeronautics and Space Administration's ("NASA") use of appropriated funds to participate, collaborate, or coordinate bilaterally in any way with China or any Chinese-owned company ("NASA's China Funding Restriction") is unconstitutionally vague as applied in this case. (Doc. 36.) In a Report and Recommendation (Doc. 51) ("R&R"), the Magistrate Judge correctly concludes that the Defendant failed to state a valid vagueness challenge and recommends this Court deny the Motion to Dismiss. The Magistrate Judge's well-reasoned R&R should be adopted and the Defendant's motion denied.

**I.      Background**

      A.      <u>NASA's China Funding Restriction</u>

In 2011, Congress passed The Department of Defense and Full-Year Appropriations Act, Public Law 112-10 and the Consolidated and Further Continuing Appropriations Act of 2012,

Public Law 112-55. (Indictment, Doc. 3, ¶ 2.) Under these Acts, NASA was prohibited from using appropriated funding to enter into or fund any grant or cooperative agreement of any kind to participate, collaborate, or coordinate bilaterally in any way with China or any Chinese-owned company. (*Id.*)

In September 2012, NASA published a Grant Information Circular titled, "Class Deviation Implementing NASA Restrictions on Funding Activities with the People's Republic of China (PRC)." (Doc. 35-1, 6.)[1] This document required NASA grant officers to include language in NASA grants requiring proposers (e.g., the universities) to represent that "the proposer is not China or a China-owned company, and that the proposer will not participate, collaborate, or coordinate bilaterally with China or any Chinese-owned company...." (Doc. 35-1, 7.) Under this Grant Information Circular, NASA defined "China or Chinese-owned Company" as the PRC, any company owned by the PRC, or any company incorporated under the laws of the PRC including Chinese universities. (*Id.*)

B.  The Indictment

On February 25, 2020, a Grand Jury in the Eastern District of Tennessee returned an Indictment charging the defendant, Anming Hu ("Hu"), with three counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of false statements in violation of 18 U.S.C. § 1001. (Doc. 3.)

The Indictment alleges that the Defendant, who was employed as an Associate Professor in the Department of Mechanical, Aerospace and Biomedical Engineering at the University of

---

[1] On June 26, 2020, the Defendant filed his initial brief in support of the Motion to Dismiss (Doc. 35), and accompanying exhibits (Doc. 35-1 to 35-10). On June 30, 2020, the Defendant filed an amended brief in support of the Motion to Dismiss. (Doc. 36.) The exhibits filed as Documents 35-1 through 35-10 are referenced in the Defendant's amended brief in support of the Motion to Dismiss.

2

Tennessee, Knoxville ("UTK"), performed research under grants funded by U.S. government agencies, including NASA. (*Id*. at ¶ 4.) The Indictment further alleges that beginning in 2016, the Defendant engaged in a scheme to defraud NASA by falsely representing and concealing from UTK his affiliation with the Beijing University of Technology ("BJUT"), a university in China. (*Id*. at ¶¶ 4, 21.) As alleged in the Indictment, the Defendant's representations and omissions to UTK about his affiliation with BJUT, caused UTK to falsely certify to NASA and to NASA contractors that UTK was in compliance with NASA's China Funding Restriction regarding NASA-funded projects that UTK sought and obtained on the Defendant's behalf. (*Id*. at ¶ 21.)

The Indictment alleges three specific instances of wire fraud occurring on or about October 20, 2016 (Count One); November 12, 2018 (Count Two); and August 30, 2019 (Count Three). (*Id*. at ¶ 65.) The Indictment also alleges that the Defendant caused false statements to be made to NASA on or about February 15, 2017 (Count Four); March 9, 2017 (Count Five); and July 24, 2017 (Count Six). (*Id*. at ¶ 67.)

## II. The Wire Fraud Charges in the Indictment Are Not Unconstitutionally Vague.

In his Motion to Dismiss, the Defendant argues that some purported vagueness in NASA's China Funding Restriction renders the wire fraud charges unconstitutionally vague in this case. The Defendant's argument is misplaced and the Court need not undertake a vagueness analysis for at least two reasons. First, the Defendant is not charged with violating NASA's China Funding Restriction. The Defendant is charged with wire fraud and courts have routinely rejected vagueness challenges to the wire fraud statute. Second, contrary to the Defendant's assertions otherwise, the government is not required to prove the Defendant's knowledge of NASA's China Funding Restriction in order to prevail on the wire fraud charges.

3

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "'[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Hudson*, 491 F.3d 590, 592-93 (6th Cir. 2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "'[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Risbridger v. Connelly*, 275 F.3d 565, 572 (6th Cir. 2002) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)).

Court that have addressed vagueness challenges to the wire fraud statute have rejected such challenges. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1107 (6th Cir. 2012) ("That the mail and wire fraud statutes are not unconstitutionally vague is beyond dispute."); *United States v. Taylor*, 232 F. Supp. 3d 741, 755 (W.D. Pa. 2017) ("As the Government points out, Defendant does not argue that any of these statutes [including wire fraud] are void for vagueness and the Court is aware of no authority supporting such a position."); *United States v. Louderman*, 576 F.2d 1383, 1388 (9th Cir. 1978) ("[T]he statute was sufficient to advise the appellants that their conduct constituted wire fraud."); *United States v. Stewart*, 872 F.2d 957, 959 (10th Cir. 1989) (wire fraud not unconstitutionally vague); *United States v. Nelson*, 712 F.3d 498, 508 (11th Cir. 2013) ("Void for vagueness ... does not mean that the [wire fraud] statute must define every factual situation that must arise.").

4

Additionally, wire fraud requires proof of specific intent. *See e.g. United States v. Daniel*, 329 F.3d 480, 487 (6th Cir. 2003) ("To convict a defendant of wire fraud the government must prove specific intent."). This is important because a "specific-intent element ... renders the statute less vague." *United States v. Coss*, 677 F.3d 278, 290 (6th Cir. 2012); *see also Screws v. United States*, 325 U.S. 91, 101 (1945) ("[T]he requirement of a specific intent to do a prohibited act may avoid ... render[ing] a vague or indefinite statute invalid.").

Recognizing that courts have routinely rejected vagueness challenges to the wire fraud statute, the Defendant erroneously asserts that the government must prove that the Defendant had actual knowledge of NASA's China Funding Restriction in order to prevail on the wire fraud charges. (Doc. 36, 7-8 "In order for Prof. Hu to commit willful fraud, he must have known and understood the 'NASA China Restriction' as defined by the Government, and then have willfully intended to devise a fraudulent scheme to get around the Restriction and get grant money from NASA; Doc. 52, 4 "Actually what Prof. Hu asserts is the "**understanding**" of [NASA's China Funding Restriction] is an essential component to committing the charged offense of wire fraud." (emphasis in original).)

Wire fraud requires proof of three elements beyond a reasonable doubt: "(1) a scheme or artifice to defraud, (2) use of interstate wire communications in furtherance of the scheme, and (3) intent to deprive a victim of money or property." *Daniel*, 329 F.3d at 485. The government is not required to prove that the Defendant knew and understood NASA's China Funding Restriction. As a legal matter, the government need only prove that the defendant made material misrepresentations or omitted to state material facts with the specific intent to defraud.[2]

---

[2] In addition, obviously, to proving the other elements of the charged offenses, which aren't pertinent to the issue of vagueness.

5

The NASA China Funding Restriction explains *why* it was that NASA and UTK insisted upon representations by the Defendant. Beyond that, NASA's China Funding Restriction is useful for purposes of proving the Defendant's intent to defraud but is not itself an element of the charged offenses and has no bearing on the constitutionality of the wire fraud charges. *See United States v. Maxwell*, 579 F.3d 1282, 1302 (11th Cir. 2009) ("First and most importantly, the specific intent required under the mail and wire fraud statutes is the intent to defraud, not the intent to violate a particular statute or regulation."); *Taylor*, 232 F. Supp. 3d at 754-755 (denying challenge to vagueness of regulations "underlying" wire fraud charges because "the specific intent required under the [wire fraud statute] is the intent to defraud, not the intent to violate a particular statute or regulation").

### III. The Defendant's Objections to the R&R Are Meritless.

In the Defendant's Objections to the R&R, the Defendant largely restates the substance of his Motion to Dismiss and argues, in a general fashion, that the R&R should be rejected. Based on the government's review, it appears that the Defendant raises two objections that are pertinent to the Motion to Dismiss.[3] Both objections are discussed under the heading labeled "Two Points the Court Must Consider." The government will address each of these objections below by quoting the objection from the Defendant's Objections to the R&R, presenting the Magistrate Judge's applicable conclusions, and responding to the Defendant's objections.

---

[3] In the Defendant's Objections to the R&R, the Defendant asserts that the Magistrate Judge "committed serious error" by stating that the government may introduce a certain type of evidence to attempt to prove intent at trial. (Doc. 52, 1.) This evidentiary issue was not fully-briefed and is not germane to the Defendant's Motion to Dismiss. Of course, the Defendant is free to raise this issue through a Motion in *Limine* at the appropriate time.

6

**Objection #1**

> First, the Court must determine whether a non-criminal regulation such as the
> NASA Chinese Restriction can, or must be analyzed for vagueness.

(D's Obj to R&R, Doc. 52, 5.)

In the R&R, the Magistrate Judge correctly concluded that the void-for-vagueness doctrine is not applicable. (Doc. 51, 11.) As noted by the Magistrate Judge, the NASA China Funding Restriction governs NASA's use of appropriated funds, not the conduct of individuals seeking NASA funds pursuant to a NASA-funded research project. (*Id*.) Because NASA's China Funding Restriction does not impose criminal liability nor civil penalty on the Defendant's conduct, the Defendant's vagueness argument "lacks merit on a fundamental level." (*Id*. at 9-10.)

The Defendant challenges the R&R on this point by asserting that the Magistrate Judge construed the Defendant's vagueness challenge too narrowly and by offering a lengthy citation to a number of Supreme Court cases considering vagueness challenges to a host of laws. (Doc. 52, 6.) Leaving aside whether a vagueness challenge could be properly asserted in a case where an appropriations law is at issue, the Magistrate Judge correctly concluded that a vagueness challenge is not appropriate in this case since the NASA China Funding Restriction does not impose criminal or civil sanctions on the Defendant's conduct.

**Objection #2**

> Second, the Court must look at the regulation to determine if it is too
> vague to require Prof. Hu to defend himself at trial.

(*Id*.)

The Magistrate Judge correctly concluded that "the Defendant's criminal liability does not rest on the Government proving that Defendant violated the [NASA China Funding Restriction]." (Doc. 51, 11.) As the Magistrate Judge noted, "the instant Indictment does not

7

allege or even presuppose that Defendant violated the [NASA China Funding Restriction] as part of the charged wire fraud scheme. Rather, Defendant is charged with concealing his affiliation with BJUT from UTK, thereby causing UTK to make false representations to a government agency." (*Id*.) The Magistrate Judge correctly concluded that the Defendant's vagueness argument raises factual issues that go to the sufficiency of the evidence, not the sufficiency of the charges in the Indictment. (*Id*. at 12.) Consequently, the Magistrate Judge declined to apply a void-for-vagueness analysis to the NASA China Funding Restriction.

Throughout the Defendant's Motion to Dismiss and Objections to the R&R, the Defendant argues that his knowledge of the NASA China Funding Restriction is an essential component of the wire fraud charges; and due to some purported vagueness in the NASA China Funding Restriction, he could not have formed the specific intent to defraud and therefore, the wire fraud charges are unconstitutionally vague. In effect, this argument confuses a factual question with a constitutional one.

The NASA China Funding Restriction helps explain why the Defendant's alleged misrepresentations and material omissions to UTK about his affiliation with BJUT were material to NASA. Evidence regarding the Defendant's knowledge of the NASA China Funding Restriction may also be useful to demonstrate the Defendant's intent to defraud but it is not, itself, an element of the charged offenses. Furthermore, if the jury were to find that the Defendant did not intend to defraud because he relied in good faith on a reasonable interpretation of the NASA China Funding Restriction, then the jury might also find the defendant not guilty of the wire fraud charges. In any event, the conclusion that the wire fraud charges are unconstitutionally vague doesn't follow from the possibility that the Defendant will undermine the government's proof of one element at trial.

8

The Defendant offers *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992) to argue that "this case can be dismissed pre-trial if the Court finds, after a legal analysis of the act, the [NASA China Funding Restriction] is too vague to allow Prof. Hu to understand the act and form specific intent, thereby showing the Government could not satisfy its burden of proof." (Doc. 52, 7.) However, dismissal of an Indictment is not warranted where the parties dispute facts involving an element of the charged offenses, and therefore, the Defendant's reliance on *Levin* is misplaced.

In *Levin*, the defendants were charged with health care fraud and other related offenses. In support of their motion to dismiss, the *Levin* defendants offered letters from the U.S. Department of Health and Human Services stating that the conduct underlying the federal charges did not violate the relevant regulations. During a hearing on the motion to dismiss, the government conceded that there was not a factual dispute, and the district court ultimately granted the motion to dismiss. *Id*. at 466. The Sixth Circuit affirmed the dismissal of criminal charges by the district court because "undisputed extrinsic evidence" demonstrated that "the government was, as a matter of law, incapable of proving" an element of the charged offense. *Id*. at 469.

*Levin* does not involve facts analogous to those alleged in the Indictment and it does not support the Defendant's assertion that the wire fraud charges are unconstitutionally vague as applied. Specifically, the Defendant has not provided any correspondence from NASA regarding the alleged criminal conduct and the government certainly has not conceded the absence of a factual dispute.

The gravamen of the Defendant's Motion to Dismiss the Indictment and his Objections to the R&R is the argument that the government does not have sufficient evidence to prove that the

9

Defendant engaged in the alleged criminal conduct with the requisite intent to defraud. As the Magistrate Judge concluded, "[a] motion to dismiss the indictment is not a vehicle by which to test the sufficiency of the government's evidence." (Doc. 51, 12.) Instead, the sufficiency of the government's evidence on an element of the charged offenses is an issue that should be decided by the trier of fact.

## CONCLUSION

For the reasons stated herein, this Court should adopt the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss the Indictment be denied.

Respectfully submitted on October 6, 2020.

                              J. DOUGLAS OVERBEY
                              UNITED STATES ATTORNEY

By:    *s/ Casey T. Arrowood*
        Casey T. Arrowood
        Assistant United States Attorney
        TN BPR# 038225
        800 Market Street, Suite 211
        Knoxville, TN 37902
        (865) 545-4167
        Casey.Arrowood2@usdoj.gov