# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:20-CR-00021 |
| | ) |
| ANMING HU | ) |
| | ) |

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO REPORT & RECOMMENDATION

Professor Hu asks for a hearing on this dispositive motion prior to the Court making a ruling.

The problem of over-criminalization is serious and pathological. The FBI was told to go out and arrest Chinese spies but they stretched the bounds of reason in this case. They have misapplied the NASA Restriction, ignored the drafter's asserted meaning of the Restriction and, created a crime where one did not exist. Does this Court have to agree with the above to dismiss this case before any more harm is done to the Defendant? No, this Honorable Court can dismiss on the simple truth that the NASA Restriction is too vague to be used as a conduit to a criminal fraud charge.

A trial will reveal prejudicial, discriminatory overreaching actions of federal law enforcement. The charges should be dismissed for the reasons in Dr. Hu's original motion.

Dismissing the case, requires nothing more than applying Fed. R. Crim. P. 12(b)(3)(B) providing dismissal of indictments that fail to state an offense. This federal provision for dismissing indictments is materially identical to the familiar 12(b)(6) standard for dismissing civil complaints. If the NASA Restriction is too vague to be applied in

1

this case, the offense should be dismissed. This is not a question of fact but one of law for the Court. Criminal Courts should not shy away from motions to dismiss for failing to state an offense, when justice requires.

The government repeatedly tries to get away from the NASA Restriction's application in this case. They say now that Professor Hu does not even need to be aware of the NASA Restriction. This assertion suggests even they cannot define the NASA Restriction. Why else would the Government argue so strenuously that the NASA Restriction is not necessary to make their case? However, a quick look at the first paragraphs of the Indictment shows how prominent the NASA Restriction was to the Government. Now the Government is trying to back away from its significance when it is being attacked for vagueness.

Professor Hu is charged with knowingly and willfully scheming to defraud NASA by failing to disclose an affiliation with a Chinese university and thereby tricking NASA into believing that he was not "China or a Chinese corporation". How in the world can the Government argue that understanding the NASA Restriction is not necessary to prove Professor Hu fraudulently misrepresented his compliance with the NASA Restriction?

Recently, at an event hosted by the University of Southern California, the head of the Justice Department's national security division, John Demers, said the agency had been sensitive to concerns about racial profiling from the start and that it was focusing on the actions of the Chinese government as opposed to those of any individual Chinese researchers.[1] Either he is lying or he has not looked at this prosecution. If the Government

---

[1] https://mail.google.com/mail/u/0?ui=2&ik=829319d24d&attid=0.1&permmsgid=msg-f:1679751328009670710&th=174faceee101d036&view=att&disp=inline&realattid=f_kfx3519k0

is taking the position that Dr. Hu is associated with the Chinese government, then Dr. Hu would ask the Government to produce all evidence of the association. This case is more about going after professors with a Chinese background than it is about a fraudulent misrepresentation.

Dr. Hu respectfully asks this Honorable Court grant a hearing on his motion so he can show how his due process rights are being denied.

Respectfully submitted this 13th day of October, 2020.

s/A. Philip Lomonaco
A. Philip Lomonaco, BPR#011579
800 S. Gay Street, Suite 1950
Knoxville, TN 37929
(865) 521-7422
(865) 521-7433 fax
phillomonaco@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U. S. Mail. Parties may access this filing through the Court's electronic filing system.

s/A. Philip Lomonaco