EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-21-TAV-DCP |
| | ) | |
| | ) | |
| ANMING HU, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant's Motion to Sell His Current Residence [Doc. 59, SEALED], filed on October 14, 2020. Defendant Hu is presently released on conditions, including home incarceration[1] and electronic monitoring [Doc. 14]. As specified in the Order Setting Conditions of Release, home incarceration means the Defendant is "restricted to 24-hour-a-day lock-down at [his] residence except for medical necessities and court appearances or other activities specifically approved by the court" [Doc. 14]. Additionally, the Defendant has a special condition that he "not move/change address, sell home, or list home for sale, unless prior permission is obtained from the Court and/or the United States Probation Office" [Doc. 14].

Defendant Hu moves the Court for permission to sell his current residence and to move into an apartment for financial reasons. Defendant attaches a financial affidavit of in support of

---

[1] Defendant's motion erroneously states that he is on home detention, which is a less restrictive condition than home incarceration.

his request. The motion relates that the Government does not oppose this request, so long as the move is coordinated with the United States Probation Office.

The Court has conferred with the Defendant's United States Probation Officer and finds that neither the USPO, nor the Government, are opposed to the Defendant's request. However, the Court notes that because the Defendant is also on electronic monitoring, the Probation Office will need to review and evaluate the suitability of any proposed new residence or apartment *before* the Defendant moves. Accordingly, after review of the Defendant's motion and attached affidavit, the Defendant's request to list and sell his current residence [**Doc. 59**] is **GRANTED**. The Defendant shall notify his supervising United States Probation Officer of his proposed new residence *three weeks* before he moves in order to permit the review and evaluation of the new location for electronic monitoring. Defendant shall also coordinate with the Probation Office to set up electronic monitoring at his new residence at the time of his move. Defendant is reminded that all his current conditions of release, including home incarceration, will apply at his new residence.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge

2