IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-CR-21-TAV-DCP |
| ) | |
| ) | |
| ANMING HU, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial Date [Doc. 60], filed on October 30, 2020. The Defendant asks the Court to continue the December 1, 2020 trial of this case, because defense counsel's case load does not permit him to prepare for the Defendant's trial adequately. The motion states that defense counsel is involved in a large conspiracy and conversion case in state court, which involves international witnesses. Counsel maintains that preparations for the February 10, 2021 trial in that case prevent him from preparing for the instant complicated case. Counsel requests a new trial date in May or June 2021, which he states is necessary for the defendant to receive fair representation. The motion relates that the Government is not opposed to the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of May 25, 2021.

The Court finds the motion to continue the December 1 trial in this case is unopposed and well-taken. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defense counsel relates that his preparations for a large conspiracy case in state court will prevent him from preparing for the Defendant's trial adequately. The Court finds that to require the Defendant to proceed to trial on December 1, 2020, would unreasonably deny him the continuity of counsel. 18 U.S.C. § 3161(h)(7)(b)(iv).

Additionally, the Court has previously declared [Doc. 27] this case to be complex for speedy trial purposes, because it involves novel legal issues, including a motion by the Government to withhold information from discovery under the Classified Information Procedures Act ("CIPA"). Due to the novel legal issues raised in this case, the Court found that "it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court observes that administrative delays relating to the COVID-19 pandemic have affected the litigation of the Government's CIPA motion. Accordingly, the Court continues to find this case to be complex for speedy trial purposes. *Id.*

The Defendant's Motion to Continue Trial Date [**Doc. 60**] is **GRANTED**. The trial of this case is reset to **May 25, 2021**. The Court finds that all the time between the filing of the motion on October 30, 2020, and the new trial date of May 25, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The new schedule in this case is set out in detail below. Accordingly, it is **ORDERED** as follows:

(1) The Motion to Continue Trial Date [**Doc. 60**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 25, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **October 30, 2021**, and the new trial date of **May 25, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court continues to find that this case is **COMPLEX** for purposes of the Speedy Trial Act;

(5) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **April 23, 2021**;

(6) The final pretrial conference will take place before the undersigned on **May 10, 2021, at 11:00 a.m.** This date is also the deadline for filing motions *in limine*; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **May 14, 2021**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3