UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:20-CR-021-TAV-DCP |
| ) | |
| ANMING HU, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Debra C. Poplin [Doc. 51] concerning defendant's motion to dismiss [Doc. 34]. Judge Poplin recommends that the Court deny defendant's motion. Defendant objects [Doc. 52]. The government responded [Doc. 53], and defendant replied [Doc. 54]. Accordingly, the matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, the Court will **OVERRULE** the defendant's objections [Doc. 52], **ACCEPT IN PART** the R&R [Doc. 51], and **DENY** defendant's motion to dismiss [Doc. 34].

**I.    Background[1]**

While employed as an associate professor in the Department of Mechanical, Aerospace, and Biomedical Engineering at the University of Tennessee, Knoxville

---

[1] The Court presumes familiarity with the facts of this case and will only recite facts necessary to the determination of the instant motion. Moreover, the Court notes that the parties do not object to the factual basis stated in the magistrate judge's R&R, therefore, the Court will adopt the following facts from the R&R [Doc. 51].

("UTK"), defendant allegedly engaged in a scheme to defraud the National Aeronautics and Space Administration ("NASA") [Doc. 3 ¶ 21]. Per the so-called NASA China Funding Restriction ("the NCFR"), NASA is generally prohibited from using appropriated funds "to develop, design, plan, promulgate, implement, or execute a bilateral policy, program, order, or contract of any kind to participate, collaborate, or coordinate bilaterally in any way with China or any Chinese-owned company." Department of Defense and Full-Year Continuing Appropriations Act of 2011, Pub. L. No. 112-10, § 1340(a), 125 Stat. 38, 123; Consolidated and Further Continuing Appropriations Act of 2012, Pub. L. No. 112-55, § 539(a), 125 Stat. 552, 639. According to the indictment, defendant performed research under grants funded by NASA [*Id.* ¶ 4] while a faculty member at both UTK and Beijing University of Technology ("BJUT"), a Chinese university [*Id.* ¶¶ 4, 5]. The indictment alleges that defendant falsely represented to and concealed from UTK his affiliation with BJUT, causing UTK to falsely certify to NASA that it was in compliance with the NCFR [*Id.* ¶¶ 21, 34]. Based on these allegations, defendant is charged with three (3) counts of wire fraud, in violation of 18 U.S.C. § 1343, and three (3) counts of causing false statements to be made in a matter within the jurisdiction of the executive branch of the federal government, in violation of 18 U.S.C. § 1001.

Defendant filed a motion to dismiss, arguing that his understanding of the NCFR is an essential element of the fraud charges and that, because the NCFR is unconstitutionally vague, these charges must be dismissed [Docs. 34, 36, 47]. Finding that (1) the void-for-vagueness doctrine does not apply to the NCFR; (2) the indictment did not allege

that defendant violated the NCFR as part of the charged wire fraud scheme; and (3) the issue of defendant's understanding of the NCFR goes to the sufficiency of the government's evidence as opposed to the indictment, Judge Poplin recommended that this Court deny defendant's motion [Doc. 51]. Defendant's objections to the R&R [Doc. 52], in which he requests an in-court hearing on the matter, and related briefing [Docs. 53, 54] are now before the Court.

## II. Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## III. Analysis

### A. Request for a Hearing

As a preliminary matter, the Court addresses defendant's request for "an in-court hearing on th[e] important legal issue" raised in his motion and objections [Doc. 52, p. 1;

3

*see also* Doc. 54, p. 1]. The reason for this request is unclear as defendant provides no indication of what a hearing on this motion might achieve. In general, although exceedingly rare, the Court may elect to hold a hearing on a pretrial motion when the decision process would be significantly aided by oral argument. That is not the case here. The relevant facts and legal arguments are adequately presented in the parties' numerous filings [*see* Docs. 52, 53, 54; *see also* Docs. 34, 35, 36, 41, 47] such that the decision process would not be significantly aided by oral argument. Accordingly, the Court does not find that the issues raised in this case necessitate oral argument and will deny defendant's request.

  **B.**   **Objections**

Defendant's arguments center around two related issues. Chief among them is whether the government must prove that defendant understood the NCFR to establish guilt with respect to the wire fraud charges or, in other words, whether defendant's understanding of the NCFR is "an essential component to committing the charged offense of wire fraud" [Doc. 52, p. 4]. If yes, the second issue is implicated, which is whether the NCFR is unconstitutionally vague, meaning it fails to give ordinary people fair notice of the conduct that it proscribes [*Id*. at 6]. For the reasons discussed below, the Court finds that the government need not prove that defendant understood the NCFR to establish guilt

4

with respect to the wire fraud charges, and thus, the Court need not address whether the NCFR is unconstitutionally vague.[2]

Defendant argues that the magistrate judge erred in determining that his void-for-vagueness argument constitutes a challenge to the sufficiency of the evidence. Defendant claims that the magistrate judge erroneously relied on the government's assertion that evidence of the meaning of the NCFR may be used to prove specific intent, arguing instead that it is the Court's duty to define the meaning of the law, not the government's [Doc. 52, pp. 1, 3].

Defendant correctly points out that, in our judicial system, findings of fact are the province of the jury, but questions of law are to be determined by the judge. *See United States v. Ball*, 428 F.2d 26, 30 (6th Cir. 1970) ("'In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law'" (quoting *Quercia v. United States*, 289 U.S. 466, 469 (1933))). However, the Court disagrees with defendant's contention that Judge Poplin "change[d] the issue from a question of law to a question of fact" [Doc. 52, p. 2]. Defendant's ultimate contention is that the "court must determine the meaning and application of the NASA Chinese Restriction, if it can. That is a question of law" [*Id.*

---

[2] The Court notes that Judge Poplin concluded that the void-for-vagueness doctrine does not apply because the NCFR is a funding regulation that does not impose criminal or civil liability on defendant [Doc. 51, pp. 10–11]. Defendant specifically objects to this conclusion [Doc. 52, pp. 5–6]. Because the Court finds that an understanding of the dictates of the NCFR is not an essential element of the wire fraud charges at issue int his case, the Court declines to address the issue of whether the void-for-vagueness doctrine would otherwise apply. Accordingly, the Court declines to adopt the portion of the R&R addressing this issue [Doc. 51, pp. 9–11].

5

at 2–3]. But defendant's argument presupposes that interpretation of the NCFR is relevant to the analysis on a motion to dismiss the indictment.

As Judge Poplin explained, to be sufficient, an indictment must: (1) contain the elements of the offenses charged and fairly inform a defendant of the charge against which he must defend; and (2) enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Hudson*, 491 F.3d 590, 592–93 (6th Cir. 2007). The indictment in this case sets forth the elements of wire fraud, alleging that defendant knowingly, willfully, and with intent to defraud, devised and intended to devise, and attempted to devise a scheme to defraud NASA, to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and half-truths, and concealment of material facts with a duty to disclose [Doc. 3, p. 14]. The indictment also lists specific dates on which defendant allegedly transmitted wire communications in interstate commerce for the purpose of executing or attempting to execute the scheme to defraud [*Id.*]. *See United States v. Carman*, 186 F. Supp. 3d 657, 661 (E.D. Ky. 2016) ("The elements of wire fraud are: (1) a scheme or artifice to defraud; (2) a material misrepresentation or omission in furtherance of the scheme; (3) use of interstate wire communications in furtherance of the scheme; and (4) intent to deprive a victim of money or property").

Defendant appears to argue that Judge Poplin misunderstood his argument that his *understanding* of the NCFR is essential to the fraud charges [Doc. 52, p. 4]. He argues that, since alleged fraud requires a knowing, willful act, the only way that he could commit

6

fraud is to understand that what he was doing would violate the NCFR [*Id*.]. Defendant states that, because he is charged with "knowingly tricking NASA into believing NASA was not violating its own NASA restriction," he must have known and understood the dictates of the restriction, but the restriction is too confusing to permit a person of ordinary intelligence a reasonable opportunity to understand what conduct he is prohibited from doing [*Id*. at 5–6].

Ultimately, the Court disagrees with defendant's summary of the charges he faces. As defendant concedes, he is not charged with violating the NCFR. Moreover, contrary to defendant's assertion, he is not charged with "tricking NASA into believing NASA was not violating its own NASA restriction" [*Id*.]. Rather, defendant is charged with making false statements to UTK about his affiliation with BJUT, leading UTK to falsely certify compliance with the NCFR to NASA, for the purpose of receiving funding for research projects. And nothing in the wire fraud charges requires the NCFR to have actually been violated. To the contrary, the government need only prove that defendant (1) had a scheme to defraud NASA; (2) made a material misrepresentation or omission in furtherance of this scheme; (3) used interstate wire communications in furtherance of the scheme; and (4) intended to deprive NASA of money or property. *See Carman*, 186 F. Supp. 3d at 661. The government need not show that defendant's material misrepresentation *actually* violated the NCFR, but rather, that such misrepresentation was *intended* to induce NASA to fund research projects without the benefit of evaluating whether defendant's affiliation with BJUT would violate the NCFR. Because defendant's understanding of what was

7

prohibited by the NCFR is not necessary to any essential element of the wire fraud charges, the Court finds that defendant's arguments that the NCFR was too vague miss the mark on a motion to dismiss the indictment.

In support of his argument, defendant cites *United States v. Whiteside*, an Eleventh Circuit case [Doc. 52, p. 4]. 285 F.3d 1345 (11th Cir. 2002). In that case, the Eleventh Circuit held that "[i]n a case where the truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law." *Id*. at 1351. At issue in *Whiteside* was whether the government could show that defendants' allegedly false statement classifying debt interest as 100% capital-related on Medicare/Medicaid cost reports was knowingly and willfully false. *Id*. The Eleventh Circuit ultimately concluded that the government could not meet its burden because "no Medicare regulation, administrative ruling, or judicial decision exists that clearly requires interest expenses to be reported in accordance with the original use of the loan." *Id*. at 1352.

Unlike *Whiteside*, the issue here is not whether defendant's statements were arguably true under a certain interpretation of the law. In large part, the alleged false statements at issue here are defendant's repeated checking a box on an "Outside Interests Disclosure Form" indicating that he was not "an officer, director, board member, trustee, or employee of any organization or business entity (for-profit or non-profit) other than the university," and submitting a curriculum vitae ("CV") for purposes of obtaining tenure that

8

excluded any reference to his employment at BJUT [Doc. 3, pp. 8–9]. Whether defendant's statements and omissions here were made knowingly and intentionally, or with an intent to defraud, are matters for a jury to determine. But the question of the truth or falsity of defendant's statements is not dependent on the NCFR; instead, it is merely a question of whether defendant was actually employed by BJUT. Accordingly, unlike *Whiteside*, the instant case does not involve a situation where the truth of falsity of defendant's allegedly false statements hinges on an interpretation of law.

For these reasons, the Court concludes that whether defendant understood the NCFR is not an essential element that the government must prove as to the wire fraud charges in this case. Accordingly, the Court finds that it need not address whether the NCFR is unconstitutionally vague, and specifically declines to address that issue.

**IV.     Conclusion**

For the reasons discussed, and upon careful and *de novo* review of the record and the law, the Court hereby **OVERRULES** defendant's objections [Doc. 52] to the R&R. The Court **ACCEPTS IN PART** the R&R [Doc. 51]. Specifically, the Court accepts the R&R in its entirety, except as to any portions addressing the applicability of the void-for-vagueness doctrine to the NCFR. Accordingly, the Court hereby **DENIES** defendant's motion to dismiss [Doc. 34]. Defendant's request for a hearing on his objections is likewise **DENIED** [Doc. 52].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9

Case 3:20-cr-00021-TAV-DCP   Document 63   Filed 01/26/21   Page 9 of 9   PageID #: 582