UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANMING HU | Case No. 3:20-CR-21<br><br>JUDGES VARLAN/POPLIN |

### MOTION TO CONTINUE TRIAL

The United States of America, by Francis M. Hamilton III, Acting United States Attorney for the Eastern District of Tennessee, hereby moves the Court to continue the trial in this case which is currently scheduled to begin on May 25, 2021, to allow the Court and the parties to address the Government's Motion filed pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), (hereafter "CIPA § 4 Motion"). [*See* Doc. 37.] The Government respectfully submits that a 60-day continuance of the trial would serve the ends of justice and outweigh the interest of the Defendant and the public in a speedy trial.

At the initial appearance in this case, the Government informed the Court and the Defendant that issues regarding the discovery of classified information would likely arise in the case and therefore, the Government would invoke the procedures in CIPA. On March 16, 2020, the Government filed a Motion for a Pretrial Conference Pursuant to CIPA § 2 and the Designation of a Classified Information Security Officer. [Doc. 16.] Thereafter, the Court held a pretrial conference and ordered the Government to file its CIPA § 4 Motion by July 1, 2020. [*See* Doc. 27.] On July 1, 2020, the Government filed its CIPA § 4 Motion. [*See* Doc. 37.]

The Government's CIPA § 4 Motion presents novel logistical and legal issues. Logistically, a Classified Information Security Officer ("CISO") is assigned to the case and has assisted the Court with securing the required security clearances for court personnel. The CISO

has also assisted the Court in obtaining appropriate storage containers to allow the security of classified information. These steps are atypical and require a significant amount of time to complete. Moreover, delays related to the COVID-19 pandemic have further impacted the logistics of considering the Government's CIPA § 4 Motion. [*See* Doc. 62 at p. 2, Memorandum and Order dated November 12, 2020, ("The Court observes that administrative delays relating to the COVID-19 pandemic have affected the litigation of the Government's CIPA motion.")]

The Government's CIPA § 4 Motion also raises important and novel legal issues. Section 4 of CIPA provides a procedural mechanism to protect classified information, sources, and methods, while simultaneously ensuring that the government is able to satisfy its discovery obligations. [*See* Doc. 16 at p. 3.] While CIPA does not create any new right of discovery or expand the discovery rules, pursuant to Section CIPA § 4, district courts have the opportunity to assess whether, and the extent to which, specified items of classified information should be disclosed to the defense. [*Id*. at 4.]

In granting two previous uncontested continuance motions filed by the Defendant, the Court has recognized the novelty and complexity raised in the Government's CIPA § 4 Motion. [*See* Doc. 27 at p. 4, Memorandum and Order dated May 6, 2020, ("The Court finds that this case involves novel and legal issues to include information that the Government seeks to withhold from discovery under the CIPA…"); Doc. 62 at p. 2, (finding that the case continues to be complex in part due the novel legal issues presented by the Government's CIPA § 4 Motion)]

The Defendant has also repeatedly recognized the importance and novelty presented by CIPA. [*See* Doc. 18 at p. 2, Defendant's Response to the Government's Motion for a Pretrial Conference Pursuant to CIPA § 2, ("Any claim that the government needs to protect evidence by excluding it from Dr. Hu's defense is a serious legal matter that could deprive Dr. Hu of a fair

trial."); Doc. 19, Defendant's Motion to Continue (identifying CIPA as among the novel and unique issues in the case); Doc. 22 at p. 2, Order, (Defense counsel "stated that, given the time needed to resolve issues relating to potential classified information … he would like a motion deadline thirty days after the Court ruled on a motion by the Government to protect classified information from discovery."); Doc. 27 at p. 2, ("The Defendant contends that the procedures relating to classified information also require more time in this case and that additional motion practice may be necessary in relation to that information.")]

The amount of time between the filing of this Motion and the trial is not sufficient to fully litigate the important and novel legal issues raised in the Government's CIPA § 4 Motion. The applicable timeframes for the parties to file any objections, responses to any objections, and any replies after a Report and Recommendation ("R&R") is issued on the Government's CIPA § 4 Motion will likely exceed the current trial date of May 25, 2021. Moreover, any submission by the Government that addresses the merits of the CIPA § 4 Motion will most certainly contain classified information. As such, the Government may need to seek an extension of the filing deadlines in order to allow for the review of the filing by other components of the U.S. Department of Justice prior to submission to the Court.

In addition, once the Court issues its Order on the Government's CIPA § 4 Motion, the Government may pursue an interlocutory appeal under CIPA in certain instances. Pursuant to CIPA § 7, the Government may seek an interlocutory appeal from a district court order "authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information." The Government has fourteen days after the entry of the

3

district court's order to file its appeal and "the trial shall not commence until the appeal is resolved." 18 U.S.C. App. III, § 7(b).

Due to the importance and novelty of the issues presented by the Government's CIPA § 4 Motion and the timeframes under which the parties have to file pleadings subsequent to the issuance of the R&R, the Government respectfully requests a 60-day continuance. The requested continuance should allow sufficient time for the complex issues to be addressed by the parties and the Court prior to commencement of the trial. The Court has already designated the case as complex, the Defendant has obtained two previous continuances, and the Defendant is not incarcerated.

For these reasons, the Government respectfully submits that the requested continuance serves the ends of justice and outweighs any interest by the Defendant and the public in proceeding to trial on May 25, 2021. The undersigned counsel has conferred with counsel for the Defendant on this Motion. Counsel for the Defendant has advised that he opposes the Motion.

Respectfully submitted on April 9, 2021.

                                        FRANCIS M. HAMILTON III
                                        ACTING UNITED STATES ATTORNEY

                By:    *s/ Casey T. Arrowood*
                        Assistant United States Attorney
                        TN BPR No. 038225
                        800 Market Street, Suite 211
                        Knoxville, TN 37902
                        (865) 545-4167
                        Casey.Arrowood2@usdoj.gov