IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ANMING HU, )<br>)<br>    Defendant. ) | No. 3:20-CR-21-TAV-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Government's Motion to Continue Trial [Doc. 65], filed on April 9, 2021. The motion asks the Court to continue the May 25, 2021 trial date sixty (60) days to permit the Government to complete litigation of its Motion for a Protective Order Pursuant to [the Classified Information Procedures Act ("CIPA")] Section 4 and Federal Rule of Criminal Procedure 16(d)(1) [*see* Doc. 37, Notice]. It contends that this motion presents novel logistical and legal issues, the resolution of which have been delayed by the Covid-19 pandemic. The Government also observes that while the litigation of this motion is *ex parte*, due to the nature of the information it seeks to protect, the Defendant has expressed a desire to file motions relating to the exclusion of the information from discovery. Defendant Hu responds [Doc. 66] in opposition to a trial continuance, stating that he "will waive the CIPA discovery" if the trial proceeds on May 25 as scheduled.

The parties appeared telephonically on April 16, 2021, for a motion hearing on the motion to continue. Assistant United States Attorney Casey Thomas Arrowood participated by telephone on behalf of the Government. Attorney A. Philip Lomonaco appeared by telephone, representing Defendant Anming Hu, who also participated by telephone.

AUSA Arrowood stated that while the Defendant may waive discovery of information covered by CIPA, the waiver must be knowing and voluntary. He stated that the Government seeks a waiver on the record so that the Court may make a finding about the validity of the waiver. AUSA Arrowood provided the following information on the CIPA discovery: The information that the Government is seeking to protect from discovery is classified information that is neither exculpatory, nor helpful to the Defendant. Much of the information is duplicative of unclassified information provided in discovery or the information inculpates the Defendant. The Government will not seek to introduce any of the classified information covered by the CIPA motion at trial.

Mr. Lomonaco stated that he would discuss this proffer with his client and file a written waiver. AUSA Arrowood stated that once the waiver is filed, the Govt will be withdrawing its motion for a protective order and its motion to continue the trial. He stated that alternatively, the Court may find the motion to continue the trial to be moot. The parties estimated that the trial will take approximately two weeks.

On April 16, 2021, Defendant Hu filed a notice entitled Defendant Anming Hu's Waiver of CIPA [Doc. 67]. The waiver states that after having been advised of the Government's motion to protect classified information and the Government's motion to continue the May 25, 2021 trial date to complete CIPA proceedings, Defendant wants to have a speedy trial and "hereby waives the CIPA proceedings and agrees the Government can keep its information secret" [Doc. 67].

The Court finds that the Government has advised Defendant Hu of its intent to protect discoverable information from disclosure, because the information is classified. The Government has also advised the Defendant of the general nature of the classified information: that the information is not exculpatory nor helpful to the defense and that much of the information duplicates unclassified information provided in discovery or the information is inculpatory. The Government has also told the Defendant that it will not seek to introduce any of the classified

information at trial. The Court finds that after hearing this proffer by the Government and discussing the matter with his attorney, the Defendant has waived the right to further CIPA proceedings, in which the Court would determine if the information is discoverable, and agrees that the information may remain undisclosed. The Court finds this waiver is knowingly and voluntarily made. Accordingly, the Court finds no basis to continue the trial. The Government's oral request to withdraw its motion to continue the trial is **GRANTED**, and the motion to continue [**Doc. 65**] is **WITHDRAWN**. The trial of this case remains set for **May 25, 2021,** before United States District Judge Thomas A. Varlan. The Court will address the Government's oral motion to withdraw its motion for a protective order in a separate, *ex parte* Order.

Accordingly, it is **ORDERED** as follows:

(1) The Government's oral motion to withdraw its Motion to Continue Trial is **GRANTED**. The Motion to Continue Trial [**Doc. 65**] is **WITHDRAWN**; and

(2) The trial of this matter remains set to commence on **May 25, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge