# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-00021 |
| | ) | |
| ANMING HU | ) | |
| | ) | |

## DEFENDANT'S BRIEF
## IN SUPPORT OF A SPECIFIC JURY QUESTIONNAIRE

Now comes Anming Hu, by and through counsel, and submits this memorandum in support of his motion for a specific jury questionnaire.

### BACKGROUND

Defendant Anming Hu (Professor Hu) is a Canadian citizen of Chinese heritage, charged with wire fraud and providing false statements. The theme of the Government's case is one of economic espionage.

Professor Hu is aware that the Court normally has a jury questionnaire provided to jurors prior to trial. However, the unique and extremely critical issues in this case require a detailed and specific jury questionnaire. The Defendant has reached out to the prosecution about using the attached proposed questions, but they have not agreed.

There is extreme animosity developing in the United States against Chinese people. Starting from former President Trump continuing to Secretary of State Pompeo and other congressmen, China people has been accused of economic and other types of espionage against the United States. People in the United States have begun attacking Chinese citizens on the

1

streets.[1] The news is replete with accusations against Chinese people including the fact the Covid-19 Pandemic has been attributed to China. Many people, if not all the people in the United States, have been exposed to such accusations. Moreover, in 2018 John Demars, the U.S. Assistant Attorney General for National Security directed each of the 94 U.S. Attorney's to bring cases under the Chinese Initiative.[2] He stated "You're not going to do 125 cases in a year as a U.S. attorney's office. You're going to do maybe one, which would be great. If you do two, that's very impressive. If you do none, that's understandable and you'll get there next year."[3]

This is the first case of this nature in this District, and it is already attracting local and national attention.

## DISCUSSION

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed..."[4]. "The right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors. The failure to accord an accused a fair hearing violates even the minimal standards of due process."[5] "The theory of our [trial] system is that the conclusions to be reached

---

[1] See Frank H. Wu, *Asian American, Recognized at Last – Last week's Atlanta attacks marked a turning point, writes Frank. H. Wu,* Inside Higher Ed, (March 24, 2021), https://www.insidehighered.com/views/2021/03/24/atlanta-attacks-mark-turning-point-racism-against-asians-opinion.

[2] https://www.politico.com/news/2020/04/07/justice-department-china-espionage-169653; (see also Harvey Lodish, Jianzhu Chen, Phillip Sharp, *Clarity on the crackdown,* ScienceMag.org (26 Feb. 2021), https://science.sciencemag.org/content/371/6532/867; (see also Alicia Lai, *Prosecuting Asian-American Scientists for Espionage is a Shortsighted Strategy,* Scientific American, (March 22, 2021) https://www.scientificamerican.com/article/prosecuting-asian-american-scientists-for-espionage-is-a-shortsighted-strategy/

[3] Betsy Swan, *Inside DOJ's Nationwide Effort to Take on China,* POLITICO, (Apr. 7, 2020, 9:37 PM), https://www.politico.com/news/2020/04/07/justice-department-china-espionage-169653.

[4] U.S. Const. amend. XI.

[5] *Irvin v. Dowd*, 366 U.S. 717, (1961) (quoted by DeLisle v. Rivers, 161 F.3d 370 (6th Cir. 1998)).

in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print."⁶

The facts of the current case, as well as the cultural climate surrounding it, are so unique to this Court that a typical jury questionnaire will not provide the Defendant the first steps to a fair trial by an impartial jury. The Court's jury questions, while normally sufficient to select a fair jury, do not probe into issues of bias and partiality against Professor Hu as a result of the national issues against the Chinese. Recent events such as the Covid-19 Pandemic and national tensions with China, have correlated with a rise in attacks against Chinese people in the United States. These events and the media coverage undoubtedly implants biases into some potential jurors that would go undetected with a simple, normal questionnaire. A more detailed questionnaire, such as the one proposed and attached by the Defendant, will begin the trial process, not guaranteeing a fair trial, but moving the mark closer to that objective.

Moreover, the United States Government, through the former attorney general, has admitted that this case was unique when he informed each U.S. Attorneys that they may not even have one of these cases prosecuted in a year, and that would be understandable. This is the first and only case of this nature that this District has dealt with. As such, a normal jury questionnaire most likely will not suffice to make sure the jury is fair and impartial.

Looking at the questions, the Court can see that the rating system based on a scale from one to ten will aid both the Government and Defense equally. For example, the question about how much faith do you have in the FBI would show bias at both ends of the scale and the Court and Parties will each have the opportunity to strike the extreme answers.

---

⁶ *Patterson* v. *Colorado ex rel. Attorney General of Colo.*, 205 U.S. 454, 462, 51 (1907) (opinion for the Court by Holmes, J.). (quoted by Skilling v. United States, 561 U.S. 358 (2010)).

3

The questions asked are not to aid the Defense, they are to aid the Court in conducting a fair trial in these trying times. Surly the Court can agree, this case has the potential for prejudice, bias , even hate, not to mention an unfair and an unconstitutional outcome.

This case is approximately a month away and the parties have time to finish a simple short questionnaire, perhaps with each party proposing twenty (20) questions and the Court being the final arbitrator of the end result.

THEREFORE, even without the Government's agreement, the Defendant asks this Honorable Court to step in and take action to move the chances of a fair trial closer by allowing a specifically structured jury questionnaire similar to the one attached.

Respectfully submitted this 28th day of April, 2021.

s/A. Philip Lomonaco<br>
A. Philip Lomonaco, BPR#011579<br>
800 S. Gay Street, Suite 1950<br>
Knoxville, TN  37929<br>
(865) 521-7422<br>
(865) 521-7433 fax<br>
phillomonaco@gmail.com

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U. S. Mail. Parties may access this filing through the Court's electronic filing system.

s/A. Philip Lomonaco