UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANMING HU | Case No. 3:20-CR-21<br><br>JUDGES VARLAN/POPLIN |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR A SPECIFIC JURY QUESTIONNAIRE**

The United States respectfully submits this response to Defendant's Motion for a Specific Jury Questionnaire (Doc. 72). The United States does not take a position as to whether a specific jury questionnaire is warranted in this case. However, the Government objects to the Defendant's proposed jury questionnaire as it contains numerous questions that are not appropriately tailored to address the issues raised in the Defendant's Motion. If the Court wishes to use a specific jury questionnaire in this case, the Government respectfully asks for an opportunity to provide proposed questions for the Court's consideration.

Under the Sixth Amendment, the Defendant has a right to an impartial jury. The Federal Rules of Criminal Procedure provide some guidance as to the examination of jurors. However, the "task of empaneling an impartial jury is left to the sound discretion of the district court." *United States v. Guzman*, 450 F.3d 627, 629 (6th Cir. 2006). While "areas of potential juror prejudice must be covered in the course of examination of potential jurors, [] the Supreme Court has not specified the particulars by which this should be done." *United States v. Boyd*, 2008 WL 927765, at *1 (E.D. Tenn. Apr. 4, 2008) (Varlan, J.) (internal quotations omitted).

The Defendant's proposed jury questionnaire does not appropriately seek to elicit information regarding areas of potential juror prejudice. Specifically, several of the Defendant's

proposed questions explicitly call for prejudicial responses. (*See* Doc. 72-1, (list at least one benefit and one problem with Asian or Chinese students attending U.S. universities; list at least one benefit and one problem with Asian or Chinese professors teaching at U.S. universities; rate from 1 to 10 the honesty and integrity of various races and nationalities)). Other questions proposed by the Defendant are wholly irrelevant to the facts of this case in that they call for a view on (1) current U.S. immigration policy and former President Trump's immigration policy (there is no allegation of violations of any immigration laws in this case); (2) whether the previous administration increased focus on economic espionage crimes (there is no allegation in the indictment related to economic espionage); and (3) whether the previous administration is responsible for increased bias against Asian or Chinese people. (*Id.*)

      As an alternative to a specific jury questionnaire, the Court may use the two-step voir dire approach similar to the one used in *Boyd*. In *Boyd*, the Defendant sought individual voir dire due to extensive pretrial news coverage. *Boyd*, 2008 WL 927765, at *1. Instead of conducting individual voir dire for each potential juror, the Court instead questioned the pool of potential jurors on preliminary matters. The Court stated that it would conduct individual voir dire "to the extent that a potential juror's response to the Court's preliminary inquiries indicates that further individual voir dire as to that potential juror is necessary." *Id*. Here, the Court could ask preliminary questions related to potential juror prejudice and follow up through individual voir dire as necessary.[1]

---

[1] For the sake of efficiency and consistency, the Government recommends that the Court take the primary role in asking questions during any individual voir dire.

The Government believes that the two-step voir dire approach may be an effective way to select an impartial jury in this case and merely offers it as an alternative to creating a specific jury questionnaire.

Respectfully submitted on May 5, 2021.

>FRANCIS M. HAMILTON III
>ACTING UNITED STATES ATTORNEY
>
>By: *s/ Casey T. Arrowood*
>Assistant United States Attorney
>TN BPR No. 038225
>800 Market Street, Suite 211
>Knoxville, TN 37902
>(865) 545-4167
>Casey.Arrowood2@usdoj.gov