UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CR-21-TAV-DCP |
| | ) | |
| ANMING HU, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is defendant's Motion for Specific Jury Questionnaire [Doc. 72]. Defendant asks the Court to provide a more detailed juror questionnaire to each potential juror in this case prior to conducting *voir dire*. Defendant has provided a proposed juror questionnaire [Doc. 72-1]. The government responds that, while it does not take a position as to the use of a specific juror questionnaire, it objects to defendant's proposed questionnaire because it contains numerous questions not appropriate tailored to the issues, including several proposed questions that explicitly call for prejudicial responses and other questions that are wholly irrelevant to the issues in the case [Doc. 77, pp. 1–2].

As the Supreme Court has recognized, *voir dire* exists to allow the Court to select an impartial jury and attorneys to exercise peremptory challenges. *Mu'min v. Virginia*, 500 U.S. 415 (1991). Juror questionnaires supplement the *voir dire* process. Federal statute defines a "juror qualification form" as a form which shall:

> [E]licit the name, address, age, race, occupation, education, length of residence within the judicial district, distance from residence to place of holding court, prior

jury service, and citizenship of a potential juror, and whether he should be excused or exempted from jury service, has any physical or mental infirmity impairing his capacity to serve as juror, is able to read, write, speak, and understand the English language, has pending against him any charge for the commission of a state or federal criminal offense punishable by imprisonment for more than one year, or has been convicted in any state or federal court of record of a crime punishable by imprisonment for more than one year and has not had his civil rights restored.

28 U.S.C. § 1869(h). Beyond this information, the statute states, "the form shall request, but not require, any other information not inconsistent with the provisions of this title and required by the district court plan in the interests of the sound administration of justice. . . ." 28 U.S.C. § 1869(h). The Supreme Court has consistently held that the trial judge has significant discretion in conducting jury selection and *voir dire*. *United States v. Cramer*, 491 F. App'x. 520, 523 (6th Cir. 2012) ("The trial judge is tasked with empaneling the jury and we accord the court's determination great deference."); *United States v. Phibbs*, 999 F.2d 1053, 1071–72 (6th Cir. 1993) (holding that district court did not abuse its discretion by rejecting questionnaire directed at panel members' personal habits and activities, such as books and television shows consumed, because such information was "not needed to compose a fair-minded jury"), *cert denied*, *Phibbs v. United States*, 510 U.S. 1119 (1994); *see also Mu'Min*, 500 U.S. at 427 (highlighting its precedents granting "wide discretion . . . to the trial court in conducting *voir dire* in the area of pretrial publicity . . ."). The trial court "retains great latitude in deciding what questions should be asked on *voir dire*." *Mu'Min*, 500 U.S. at 424.

The Court recognizes the desire of all parties to ensure a fair and impartial jury. However, the Court finds that defendant's proposed juror questionnaire covers many of the

2

Case 3:20-cr-00021-TAV-DCP   Document 78   Filed 05/06/21   Page 2 of 3   PageID #: 636

topics that the Court's standard questionnaire already addresses, and also delves into sensitive, personal, or potentially improper subjects that go beyond the necessary scope of a juror questionnaire. During *voir dire*, the Court will address the topics of scheduling conflicts, pre-trial publicity, and capacity to be fair and impartial considering the nature of the allegations. If the Court's questioning of prospective jurors spurs defendant to ask follow-up questions, he may do so later in the juror selection process, if those jurors remain in the venire. Accordingly, defendant's Motion for Specific Jury Questionnaire [Doc. 72] is **DENIED**.

    IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE