# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:20-CR-00021 |
| | ) |
| ANMING HU | ) |
| | ) |

## DEFENDANT ANMING HU'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF DR. JOHN ZOMCHICK

On May 4, 2021 the Government made an expert disclosure to the Defendant, which disclosed University of Tennessee Provost and Senior Vice Chancellor, John Zomchick as an expert in this case. (Disclosure attached.)

Defendant states that Zomchick is in reality a fact witness who, according to the Governments's disclosure, can testify about managing the university's enrollment, developing and implementing academic programs and policies, allocating budget resources to the various academic colleges, and maintaining the support infrastructure for both students and faculty.

A review of Zomchick's resume reveals he is a well versed and educated professor of English Literature. Hardly an expert on criminal matters, Zomchick is really being offered to opine that there is no "legitimate reason for [Anming Hu] a faculty member to omit and conceal…. biographical information from his/her curriculum vitae."

This type of opinion testimony is improper and highly prejudicial to Anming Hu's rights to a fair trial. Rule 704 of the Rules of Evidence states in relevant part, "

In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of

1

a defense. Those matters are for the trier of fact alone." *Fed. Rules Evidence 704.*

The Government is attempting to have a fact witness, give an expert opinion that Anming Hu *illegitimately* *omitted and concealed* information. (Emphasis added.). These comments go directly to the mental state of the Defendant and can be considered elements of the crime of fraud. These matters are for the trier of fact alone.

The Government attempts to use Zomchick to tell the jury there could be no other reason, other than one with a criminal intent, for Among Hu to not put certain information in a UT annual form. Anming Hu asserts that there are other reasons why a person could omit such information from the form and, it is for the Jury to decide if the omission was based on criminal intent to commit fraud.

Nor is Zomchick's opinion proper as a lay witness under Rule 701. As the 6th Circuit stated in *United States v. Phillips, 872 F.3d 803, 810 (6th Cir. 2017),*

> If a handful of discrete facts form the basis of the opinion, the witness usually will be most helpful by stating those facts and allowing the jury to form its own opinion. See United States v. Rea , 958 F.2d 1206, 1216 (2d Cir. 1992) ; United States v. Hampton , 718 F.3d 978, 981 (D.C. Cir. 2013). This is especially true when a witness leaps from specific facts to an opinion on the ultimate issue. That's why we have explained that it "seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness's." Mitroff v. Xomox Corp. , 797 F.2d 271, 276–77 (6th Cir. 1986).

The Government has several witnesses, including Zomchick to state the facts in this case however, it is up to the jury to determine the ultimate issue of whether Anming Hu knowingly and willfully committed fraud.

Wherefore, Anming Hu respectfully moves to omit the testimony of Zomchick as an expert, nor allow him to render an opinion, as a lay witness on the ultimate issue of Anming's criminal intent.

Respectfully submitted this 12th day of May, 2021.

s/A. Philip Lomonaco
A. Philip Lomonaco, BPR#011579
800 S. Gay Street, Suite 1950
Knoxville, TN  37929
(865) 521-7422
(865) 521-7433 fax
phillomonaco@gmail.com

**CERTIFICATE OF SERVICE**

    I do hereby certify that a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by U. S. Mail.  Parties may access this filing through the Court's electronic filing system.

s/A. Philip Lomonaco