UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | Case No. 3:20-CR-21 |
|---|---|
| v. | JUDGES VARLAN / POPLIN |
| ANMING HU | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
*IN LIMINE* TO EXCLUDE THE TESTIMONY OF DR. JOHN ZOMCHICK**

The United States respectfully submits this response to Defendant's Motion *In Limine* to Exclude Expert Testimony of Dr. John Zomchick (Doc. 82). In his Motion, the Defendant asks the Court to exclude Dr. Zomchick's testimony as an expert. (Doc. 82 at 2.) The Defendant also asks the Court to exclude any lay witness opinion testimony offered by Dr. Zomchick on the ultimate issue of the Defendant's criminal intent. (*Id*.) While the government included Dr. Zomchick in its expert disclosure as a precautionary measure, the government believes Dr. Zomchick is a non-expert fact witness and his anticipated opinion testimony is admissible under Rule 701 of the Federal Rules of Evidence.[1]

On May 4, 2021, the United States provided its expert disclosure to the Defendant. (Doc. 82-1.) The disclosure identified three individuals, including Dr. Zomchick, as potential expert witnesses. Regarding Dr. Zomchick, the disclosure summarized Dr. Zomchick's extensive professional experience in various management positions at the University of Tennessee,

---

[1] The government's expert disclosure provided that, "the government believes that much of the substance of the witness testimony described herein should be received as non-expert fact testimony or lay opinion testimony pursuant to Federal Rules of Evidence 701. Nevertheless, each witness is listed as 'probable expert witness' in the event the Court concludes that any of their testimony constitutes expert testimony and as a courtesy to the Defendant." (Doc. 82-1 at 1.)

Knoxville ("UTK") and provided a general summary of his anticipated testimony. Specifically, Dr. Zomchick's testimony would likely address the following topics: (1) the purpose and nature of UTK's Conflict of Interest Policy; (2) UTK's faculty hiring and promotion processes; and (3) the obligations and common practice among academic professionals at UTK as to the types of biographical information included in applications for employment, promotion, and research grants. (*Id.* at 3.) In addition, Dr. Zomchick is expected to offer an opinion that there is no legitimate reason for UTK faculty members to omit certain types of biographical information from curricula vitae, applications for promotion/tenure, and proposals seeking research grants.

Federal Rule of Evidence 701 allows a lay witness to offer an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Dr. Zomchick's anticipated opinion testimony is based on his perceptions outside the scope of Rule 702. Dr. Zomchick's anticipated opinion testimony is based entirely upon his experience exercising the duties of his positions at UTK, mainly as Vice Provost for Faculty Affairs where he was responsible for the recruitment, retention, evaluation, and promotion of all UTK faculty from 2012 to 2016 and from 2018 to 2020. Opinion testimony based upon such particularized knowledge gained as a result of an employee's position within an organization is permissible under Rule 701 of the Federal Rules of Evidence. *See United States v. Kerley*, 784 F.3d 327, 339 (6th Cir. 2015) (upholding the admission of lay opinion testimony from two bank employees because their testimony was based on the particularized knowledge that was gained by virtue of their position in the business and not because of experience, training, or specialized knowledge within the scope of Rule 702).

2

Dr. Zomchick's anticipated opinion testimony is also helpful to the jury in determining a fact at issue. Specifically, the anticipated opinion testimony will help the jury determine whether the Defendant's alleged omissions were material and whether the Defendant possessed the specific intent to defraud.

While Dr. Zomchick's anticipated opinion testimony is helpful in determining the Defendant's intent, the anticipated opinion testimony is not prohibited under Federal Rule of Evidence 704 because it does not go so far as to state an opinion that the Defendant possessed the specific intent to defraud. In analyzing Rule 704 in the context of expert opinion testimony, the Sixth Circuit has held that Rule 704 permits testimony "in general terms about the common practices of those who clearly do possess the requisite intent so long as the expert leaves unstated the inference that the defendant, having been caught engaging in more or less the same practices, also possessed the requisite intent." *United States v. Maya*, 966 F.3d 493, 506 (6th Cir. 2020) (internal quotations and citation omitted). Dr. Zomchick's opinion testimony will describe in general terms the reasons for omitting certain biographical information and the impact such omissions have on UTK's hiring, retention, and promotion decisions. Dr. Zomchick's testimony will not state an opinion as to the Defendant's intent.

Moreover, the anticipated opinion testimony that there is no legitimate reason for UTK faculty members to omit certain types of biographical information in certain circumstances, does not contain an improper legal conclusion. "A witness' testimony contains a legal conclusion only if the terms used by the witness have a separate, distinct and specialized meaning in the law different form that present in the vernacular." *United States v. Volkman*, 797 F.3d 377, 388 (6th Cir. 2015) (affirming a district court's decision allowing experts to testify that there was no "legitimate medical purpose" for a drug prescription even where the crime charged involved the

legal question of whether a prescription had a "legitimate medical purpose") (internal quotations and citation omitted).  Dr. Zomchick's anticipated opinion testimony will not rely upon any terms that have a separate, distinct, or specialized meaning in the context of the crimes charged in this case.

For the reasons stated herein, Dr. Zomchick's anticipated opinion testimony, which does not include an opinion as to the ultimate issue of the Defendant's specific intent to defraud, is admissible under Rule 701 of the Federal Rules of Evidence.

Respectfully submitted on May 19, 2021.

FRANCIS M. HAMILTON III  
ACTING UNITED STATES ATTORNEY

By: *s/ Casey T. Arrowood*
Assistant United States Attorney
TN BPR No. 038225
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167
Casey.Arrowood2@usdoj.gov

4

Case 3:20-cr-00021-TAV-DCP   Document 83   Filed 05/19/21   Page 4 of 4   PageID #: 662