UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANMING HU | Case No. 3:20-CR-21<br><br>JUDGES VARLAN / POPLIN |

**MOTION *IN LIMINE* OF THE UNITED STATES TO PRECLUDE AT TRIAL ANY CLAIM, QUESTIONING, OR ARGUMENT OF SELECTIVE PROSECUTION**

The United States respectfully moves the Court *in limine* to preclude the Defendant from claiming to the jury that he is a victim of selective prosecution. There was no selective prosecution in this case, and the Defendant has not attempted to satisfy the legal burden of demonstrating a selective prosecution claim. Moreover, a claim of selective prosecution is an issue of law for the Court and is not properly raised at trial before a jury. Accordingly, the Court should preclude any claim, questioning, or argument relating to the Government's motivation in prosecuting the Defendant, including any allegation of selective prosecution.

## **Background**

Defendant Anming Hu has been charged in an Indictment with three counts of wire fraud in violation of 18 U.S.C. § 1343, and three counts of false statements in violation of 18 U.S.C. § 1001. (*See* Doc. 3.)

The Indictment alleges that the Defendant, who was employed as an Associate Professor in the Department of Mechanical, Aerospace and Biomedical Engineering at the University of Tennessee, Knoxville ("UTK"), performed research under grants funded by U.S. government agencies, including NASA. (*Id.* at ¶ 4.) The Indictment further alleges that beginning in 2016, the Defendant engaged in a scheme to defraud NASA by falsely representing and concealing

from UTK his affiliation with the Beijing University of Technology ("BJUT"), a university in China. (*Id*. at ¶¶ 4, 21.) As alleged in the Indictment, the Defendant's representations and omissions to UTK about his affiliation with BJUT, caused UTK to falsely certify to NASA and to NASA contractors that UTK was in compliance with NASA's China Funding Restriction regarding NASA-funded projects that UTK sought and obtained on the Defendant's behalf. (*Id*. at ¶ 21.)

The Indictment also alleges three specific instances of wire fraud occurring on or about October 20, 2016 (Count One); November 12, 2018 (Count Two); and August 30, 2019 (Count Three). (*Id*. at ¶ 65.) The Indictment also alleges that the Defendant caused false statements to be made to NASA on or about February 15, 2017 (Count Four); March 9, 2017 (Count Five); and July 24, 2017 (Count Six). (*Id*. at ¶ 67.)

Throughout the pretrial litigation in this case, the Defendant has made numerous unsupported statements alleging that the Government's prosecution of the Defendant is motivated by the Defendant's race and national origin. For example, in his Amended Brief in Support of the Motion to Dismiss, the Defendant stated, "In the case at bar, the FBI was under directives to search for Chinese spies." (Doc. 36 at p. 2.) The Defendant followed up in his Objection to the Report & Recommendation ("R&R") dismissing his Motion to Dismiss by stating, "The Department of Justice and the FBI are stretching the meaning and application of a confusing restriction to arrest yet another Chinese Professor for some fear of Chinese espionage." (Doc. 52 at p. 9.) Most telling, the Defendant made the following statements in his Reply in Support of his Objection to the R&R: "The problem of over-criminalization is serious and pathological. The FBI was told to go out and arrest Chinese spies but they stretched the bounds of reason in this case…. A trial will reveal prejudicial, discriminatory overreaching

2

actions of federal law enforcement." (Doc. 54 at p. 1.) Finally, on April 12, 2021, the Defendant described the case against him as "discriminatory." (Doc. 66, Defendant's Objection to the Government's Motion to Continue Trial, at p. 1.)

## Argument

### A. The Court Should Preclude any Reference to Selective Prosecution at Trial Because the Defendant Has Not and Cannot Establish Such a Claim.

"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (internal quotation marks and citation omitted).

However, decisions to prosecute may not be "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Id*. (internal quotation marks and citation omitted). Nevertheless, "in the criminal-law field, a selective prosecution claim is a *rara avis* ... The standard for proving it is particularly demanding, requiring a criminal defendant to introduce 'clear evidence' displacing the presumption that a prosecutor has acted lawfully." *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 489 (1999) (quoting *Armstrong*, 517 U.S. at 463 – 465).

To establish a claim of selective prosecution, the Defendant must demonstrate that the federal prosecutorial policy had a "discriminatory effect" and that it was motivated by a "discriminatory purpose." *Armstrong*, 517 U.S. at 465. To establish "discriminatory effect" based on race, a claimant is required to demonstrate that similarly situated individuals of a

3

different race were not prosecuted. *United States v. Jones*, 399 F.3d 640, 645 (6th Cir. 2005). To establish "discriminatory purpose" based on race, a claimant must demonstrate that the prosecutorial policy was motivated by racial animus. *Id.*; *see also Wayte*, 470 U.S. at 610 (stating that "discriminatory purpose" implies the "decisionmaker … selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group" (internal quotation marks and citation omitted).

Here, the Defendant has not offered any facts supporting a possible claim of selective prosecution. The Defendant has not sought to identify any similarly-situated individuals who have not been prosecuted for the same crimes with which he has been charged, nor has the Defendant offered any factual basis to find that the prosecutorial policy leading to his Indictment was motivated by unconstitutional animus.

### B. A Claim of Selective Prosecution, Even Where Raised, Is Not Properly Brought Before the Jury, But Is a Legal Issue for the Court.

Even if the Defendant was able to establish the elements of a selective prosecution claim, which he cannot, any such evidence would only be a matter for the Court to decide, not the jury. "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *Armstrong*, 517 U.S. 456 at 464. "The defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury." *United States v. Abboud*, 438 F.3d 554, 579 – 580 (6th Cir. 2006). Therefore, any allegation, questioning, or argument regarding the government's motivation in bringing this case should be precluded at trial.

4

Case 3:20-cr-00021-TAV-DCP   Document 84   Filed 05/20/21   Page 4 of 5   PageID #: 666

## Conclusion

For these reasons, the Court should preclude at trial any allegation, questioning, or argument regarding the government's motivation in bringing this case.

Respectfully submitted on May 20, 2021.

                                         FRANCIS M. HAMILTON III
                                         ACTING UNITED STATES ATTORNEY

By:    *s/ Casey T. Arrowood*
        Assistant United States Attorney
        TN BPR No. 038225
        800 Market Street, Suite 211
        Knoxville, TN 37902
        (865) 545-4167
        Casey.Arrowood2@usdoj.gov

By:    *s/ Matthew J. McKenzie*
        Trial Attorney
        NY Bar #4791513
        U.S. Department of Justice
        National Security Division
        950 Pennsylvania Ave., N.W.
        Washington, D.C. 20530
        matthew.mckenzie@usdoj.gov