UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANMING HU | Case No. 3:20-CR-21<br><br>JUDGES VARLAN / POPLIN |

**MOTION *IN LIMINE* OF THE UNITED STATES TO EXCLUDE EVIDENCE
AND ARGUMENT REGARDING DEFENDANT'S PAST GOOD CHARACTER**

The United States respectfully moves the Court *in limine* to preclude the Defendant from introducing evidence or making arguments regarding specific instances of Defendant's prior good character, including evidence of awards, honors, or positive contributions he may have made in the past.

### Background

Defendant Anming Hu has been charged in an Indictment with three counts of wire fraud in violation of 18 U.S.C. § 1343, and three counts of false statements in violation of 18 U.S.C. § 1001. (*See* Doc. 3.)

The Indictment alleges that the Defendant, who was employed as an Associate Professor in the Department of Mechanical, Aerospace and Biomedical Engineering at the University of Tennessee, Knoxville ("UTK"), performed research under grants funded by U.S. government agencies, including NASA. (*Id*. at ¶ 4.) The Indictment further alleges that beginning in 2016, the Defendant engaged in a scheme to defraud NASA by falsely representing and concealing from UTK his affiliation with the Beijing University of Technology ("BJUT"), a university in China. (*Id*. at ¶¶ 4, 21.) As alleged in the Indictment, the Defendant's representations and omissions to UTK about his affiliation with BJUT, caused UTK to falsely certify to NASA and

to NASA contractors that UTK was in compliance with NASA's China Funding Restriction regarding NASA-funded projects that UTK sought and obtained on the Defendant's behalf. (*Id*. at ¶ 21.)

The Indictment also alleges three specific instances of wire fraud occurring on or about October 20, 2016 (Count One); November 12, 2018 (Count Two); and August 30, 2019 (Count Three). (*Id*. at ¶ 65.) The Indictment also alleges that the Defendant caused false statements to be made to NASA on or about February 15, 2017 (Count Four); March 9, 2017 (Count Five); and July 24, 2017 (Count Six). (*Id*. at ¶ 67.)

The United States anticipates that the Defendant may attempt to introduce or present evidence and arguments regarding specific instances of good character that may have occurred in the past. As set forth below, such evidence is improper character evidence that is inadmissible under Rules 404(a) and 405 of the Federal Rules of Evidence.

## **Argument**

The character evidence rules, Rules 404(a) and 405, prohibit the Defendant from introducing evidence or presenting argument regarding specific instances of his good character, including evidence of awards, honors, or positive contributions he may have made in the past. Although Rule 404(a) generally permits a defendant to introduce evidence that relates to a pertinent character trait, the type of character evidence that a defendant may introduce is greatly limited by Rule 405. According to Rule 405, in cases where evidence of a defendant's pertinent trait is admissible, "it may be proved by testimony about a person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). While the United States may cross examine a defendant's reputation or opinion witness regarding specific instances of a defendant's conduct, a defendant may not introduce character evidence by way of specific instances of conduct except

2

Case 3:20-cr-00021-TAV-DCP   Document 85   Filed 05/20/21   Page 2 of 6   PageID #: 669

in the rare case where the character itself is an element of the offense that must be established. United States v. *Silber*, 456 F. App'x 559, 562 (6th Cir. 2012).

The Sixth Circuit held in *Silber* that the district court correctly excluded evidence regarding specific instances of the defendant's good character. *Id*. The defendant in *Silber* was charged with defrauding Medicare. *Id*. at 560. At trial, he attempted to establish his good character by showing that he had not received Medicare overbilling notices in prior jobs. *Id*. Agreeing with the district court, the Sixth Circuit explained that allowing such good character evidence would have violated Rule 405's prohibition against the introduction of specific instances of conduct by a defendant. *Id*.; *see also United States v. Crockett*, 586 F. Supp. 2d 877, 884 (E.D. Mich. 2008) (granting motion *in limine* to prevent the defendant from "offering specific instances of good conduct").

That same rationale has led numerous courts to conclude that a defendant cannot introduce evidence of specific instances of good character, such as honors, commendations, or prior community service. One such example is the D.C. Circuit's decision in *United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997) (per curiam). The defendant in *Washington* was a former police officer who became involved in a drug conspiracy. *Id*. at 990-91. The defendant sought to introduce evidence regarding commendations he had received for his good police work. *Id*. Affirming the district court's exclusion of that evidence, the D.C. Circuit held that the "commendations were not admissible under" either Rule 404(a) or Rule 405. *Id*.

Another example is *United States v. Melton*, 2008 WL 4829893 (S.D. Miss. Nov. 4, 2008). In that case, the defendants were former police officers who faced civil rights and firearms charges. *Id*. at *1. The United States moved *in limine* to preclude the defendants from introducing evidence of specific instances of good character, such as awards and commendations

3

they received in the past. *Id*. The district court granted the government's motion because the awards and commendations were unrelated to a pertinent character trait, and the specific instances of good character were inadmissible. *Id*. In reaching its decision, the *Melton* court highlighted that under Rule 405(a), "[p]roof of an accused's trait of character is generally limited to reputation or opinion evidence." *Id*. at *2. And, the court further explained that "the Fifth Circuit Court of Appeals has squarely rejected the contention that lack of criminal intent may be demonstrated through specific acts evidence." *Id*.

There are many decisions reaching the same result in similar circumstances. *See, e.g.*, *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (affirming district court's exclusion of specific instances of good character such as defendant's resume and commendations he received while serving as a police officer and member of the military); *United States v. Hill*, 40 F.3d 164, 168-69 (7th Cir. 1994) (agreeing with the district court hat evidence showing that the defendant, a postal employee charged with stealing mail, had previously failed to steal three "test letters" was inadmissible for several reasons, including Rule 405(a)'s prohibition against the introduction of specific instances of good character); *United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) (concluding that the proffered testimony of a defense witness "was merely an attempt to portray [the defendant] as having good character through the use of prior 'good acts.' The trial judge properly exercised his discretion in excluding this testimony as inadmissible character evidence.").

Here, as in the cases cited above, the Court should preclude the Defendant from introducing evidence or making arguments regarding specific instances of his good character, including evidence of awards, honors, or positive contributions he may have made in the past. Allowing such evidence of specific instances of good character would run afoul of Rule 405(a).

4

Because evidence of the Defendant's prior acts of good character is inadmissible, it would also be improper for the Defendant to discuss his good character, honors, accomplishments, or commendations during his opening statement or closing argument.[1]

## Conclusion

For the reasons stated above, the Court should preclude the Defendant from introducing evidence or making arguments regarding specific instances of the Defendant's prior good character, including evidence of awards, honors, or positive contributions he may have made in the past.

Respectfully submitted on May 20, 2021.

                                           FRANCIS M. HAMILTON III
                                           ACTING UNITED STATES ATTORNEY

By:    *s/ Casey T. Arrowood*
         Assistant United States Attorney
         TN BPR No. 038225
         800 Market Street, Suite 211
         Knoxville, TN 37902
         (865) 545-4167
         Casey.Arrowood2@usdoj.gov

---

[1] If the Defendant wishes to introduce character evidence by way of reputation or opinion in compliance with Rule 405, the character evidence must relate to a "pertinent" character trait. Fed. R. Evid. 404(a). Given this requirement, evidence that the Defendant may have once had a reputation for such things as being an accomplished scientist, a good professor, a diligent worker, or a kind person would be inadmissible. That is so because character traits such as scientific knowledge, fairness, diligence, and kindness are not "pertinent" to the charges involved in this case. *See Nazzaro*, 889 F.2d at 1168 (holding that traits of "bravery, attention to duty, perhaps community spirit – were hardly 'pertinent' to the crimes [fraud and perjury] of which [the defendant] stood accused"); *see also United States v. Santana-Camacho*, 931 F.2d 966, 967-68 (1st Cir. 1991) (affirming exclusion of character evidence about the defendant being kind and a good family man because those character traits were not pertinent – i.e., they "would not make any fact of consequence to the determination of the case significantly more or less probable than it would be without evidence of the trait") (internal quotations and alterations omitted).

By: *s/ Matthew J. McKenzie*
Trial Attorney
NY Bar #4791513
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
matthew.mckenzie@usdoj.gov