UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANMING HU | Case No. 3:20-CR-21<br><br>JUDGES VARLAN / POPLIN |

**MOTION *IN LIMINE* OF THE UNITED STATES TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING JURY NULLIFICATION AND PLEA NEGOTIATIONS**

The United States respectfully moves the Court *in limine* to preclude the Defendant from introducing evidence or making arguments regarding jury nullification or referring to plea negotiations.

While a jury is entitled to acquit a defendant for any reason, "a defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence, i.e., a jury has the power of nullification but defense counsel is not entitled to urge the jury to exercise this power." *United States v. Hill*, 2010 WL 4604033, at *2 (W.D. Ky. Nov. 2, 2010) (quoting *United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996)). Because the "law is crystal clear that such arguments to the jury are improper and impermissible," courts regularly grant motions *in limine* prohibiting defendants from advancing jury nullification arguments. *United States v. Smith*, 2009 WL 692149, at *4 n.3 (S.D. Ala. Mar. 13, 2009) (granting motion *in limine* and stating "[a]ny effort by [the defendant] at trial to encourage or solicit jury nullification would be improper"); *see also United States v. Thompson*, 2001 WL 498430, at *16 (5th Cir. Apr. 9, 2011) (affirming decision to grant motion *in limine* preventing jury nullification arguments because "the right to make closing argument does not include the right to have counsel make an improper

argument"). Consistent with the cited precedent, the Court should preclude Defendant from making arguments that invite jury nullification.

In addition, the Court should preclude the Defendant from introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may have taken place. Such matters would be highly prejudicial and are not proper topics for the jury. *See* Fed. R. Evid. 401, 402, and 403; *see also* Fed. R. Evid. 410.

Respectfully submitted on May 20, 2021.

FRANCIS M. HAMILTON III  
ACTING UNITED STATES ATTORNEY

By: *s/ Casey T. Arrowood*
Assistant United States Attorney
TN BPR No. 038225
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167
Casey.Arrowood2@usdoj.gov

By: *s/ Matthew J. McKenzie*
Trial Attorney
NY Bar #4791513
U.S. Department of Justice
National Security Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
matthew.mckenzie@usdoj.gov

2

Case 3:20-cr-00021-TAV-DCP   Document 86   Filed 05/20/21   Page 2 of 2   PageID #: 675