# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-00021 |
| | ) | |
| ANMING HU | ) | |
| | ) | |

## DEFENDANT ANMING HU'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE CLAIMS, QUESTIONING OR ARGUMENT ON SELECTIVE PROSECUTION. DOC. #84

The Defendant is not asking for his case to be dismissed based on Selective Prosecution. However, the Defendant does not back down from his assertions pointed out in the Government's motion in limine. The FBI was under directives to search for Chinese spies. The Government and the FBI did stretch the meaning and application of the NASA Restriction and, presenting false information to witnesses in this case is over-criminalization.

The FBI was told to bring this type of investigation and prosecution. (Ex. A, The China Initiative: Year in Review 2019-2020). The Department of Justice has given this type of prosecution its own name, "The China Initiative." What part of that name does not indicate selective prosecution?

If this Honorable Court orders the Defendant not to present evidence about the China Initiative, the Court will be denying the Defendant's right to cross-examine the FBI witnesses about why they employed nefarious tactics to obtain an indictment. Under Fed. Rules of Evidence 404(b), a witness's bad acts may be shown to demonstrate motive. Here, the FBI presented false facts to UT administrators to get them to say that if Anming Hu had fully

disclosed to UTK his affiliations with Beijing University of Technology (BJUT) they would not have certified to NASA that UTK was in compliance with NASA's China Funding Restriction. In fact, the indictment, at paragraph 21, states this exact evidence. The FBI was motivated by the China Initiative to obtain a conviction.

The Justice department has instructed its members to seek out instances of theft of sensitive information committed by the Chinese Communist Party. The Justice department cannot deny they have been told to take this initiative. The Initiative is plainly laid out on the Department of Justice's own website and federal agents approached Anming Hu under this initiative. They questioned him without any lawyer present and without advising Anming Hu of his rights. Anming Hu was open and honest with the agents, he advised he was working on two NASA proposals. They sought to have Anming Hu travel to China to attend an international conference in Xi'an, China and report back to them. Anming Hu declined the FBI's request to go. Then they thoroughly investigated every aspect of Anmings personal and professional life. They subpoenaed his bank financial records and checked his export records. They servailed him for a year and a half without his knowledge. They seized his laptop and telephone at the airport as he was leaving for a Japanese international conference. Through all these, they found nothing. There was not even reasonable suspicion to undertake such a massive investigation. This is evidence of a motive to prosecute because they were told to go after Chinese economic espionage.

The government does not want the jury to know the FBI was so aggressive, yet found no crime committed by Anming Hu. The Defendant believes the FBI was driven by the directive to increase their focus on Chinese espionage and when they failed, they tried to exclude this

exculpatory evidence from the jury by not intending to call the two main SA's who worked on the case from the start.

The Defendant does not claim selective prosecution as a defense, but requests that the Defendant be allowed to explain to the Jury how and why this case originated and the motivations and actions behind the FBI's investigation that lead to an indictment.

The Defendant believes that the FBI investigated Prof. Hu because of the China Initiative, and the FBI was further motivated to bring this action against Anming Hu because he refused to go to the Xi'an, China international conference. The FBI brought huge resources to bear, pursuing a year and a half investigation of "economic espionage" against Anming Hu, without any results. And, when the Government could not find a crime to arrest Anming Hu, they intentionally distorted the meaning of the China Restriction and convinced UTK administrators to testify to this distorted meaning based on a presentation of partially false information about Anming Hu.

The FBI's distorted meaning and reasoning is that since Anming Hu had an affiliation with BJUT, he was China. So, unaware that the FBI considered him China, when UTK asked Anming Hu to assure NASA that [UTK] was not China or a Chinese owned company, and that [UTK] will not participate, collaborate or coordinate bilaterally with China or any Chinese owned company at the prime recipient level or at any subrecipient level whether the bilateral involvement is funded or performed under a non exchange of funds arrangement...Anming Hu said okay.

The Defendant does not plan to bring a defense of selective prosecution however, the same facts and evidence that would support a selective prosecution claim are favorable to the Defendant in other regards and it would be a dangerous injustice to exclude them all together.

The Defendant should be allowed to demonstrate the FBI's activities in this case, and how they create a crime where none previously existed.

Respectfully submitted this 25th day of May 2021.

s/A. Philip Lomonaco
A. Philip Lomonaco, BPR#011579
800 S. Gay Street, Suite 1950
Knoxville, TN 37929
(865) 521-7422
(865) 521-7433 fax
phillomonaco@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U. S. Mail. Parties may access this filing through the Court's electronic filing system.

s/A. Philip Lomonaco