# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 3:20-CR-00021 |
| | ) | |
| ANMING HU | ) | Judges Varlan/Poplin |
| | ) | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE STATEMENTS AND ARGUMENT REGARDING DEFENDANT'S PAST GOOD CHARACTER

Now comes Anming Hu, by and through counsel, and moves this Honorable Court to allow statements and arguments regarding Defendant's past good character.

Federal Rules of Evidence 404(a) and 405 govern character evidence. Although Rule 404(a) states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait," 404(a)(2) provides an exception for a defendant in a criminal case. In a criminal case "a defendant may offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A). Further, when evidence of a person's character is admissible, "it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Additionally, "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b).

Courts have emphasized that the evidence show a *pertinent* character trait under 404(a)

(2)(A) to be admissible. *See United States v. Hazelwood*, 979 F.3d 398, 410 (6th Cir. 2020); *United States v. Santana-Camacho*, 931 F.2d 966, 967-68 (1st Cir. 1991); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989). Moreover, "pertinent" is synonymous with "relevant." *U.S. v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981). Although character traits such as bravery, attention to duty, and community spirit may not be relevant to a charge of fraud, traits such as honesty and truthfulness are pertinent. *See United States v. Hough*, 803 F.3d 1181, 1190 (11th Cir. 2015) (holding that "[e]vidence of a criminal defendant's 'pertinent' character trait—such as honesty and truthfulness in a fraud case—is admissible.") *United States v. Hough*, 803 F. 3d 1181, 1190 (11th Cir. 2015). Therefore, it is clear that Defendant should be able to introduce testimony and/or opinion as character evidence that show his integrity and transparency through 404(a)(2)(A) and 405(a). Additionally, Defendant should also be able to admit certain specific instances of conduct under 405(b).

Though Rule 405(b) permits testimony regarding specific incidents of prior conduct to establish character, the subsection applies only where character is explicitly tied to an element of a charged offense or a defense to the charge. *See, e.g.*, *United States v. Franco*, 484 F.3d 347, 352 (6th Cir. 2007) (noting that "Rule 404(a) character evidence is generally only admissible in the form of reputation or opinion," but "Rule 405(b) provides that '[i]n cases in which character or a trait of character of a person *is an essential element of a charge, claim, or defense*, proof may also be made of specific instances of that person's conduct.'") (quoting Fed. R. Evid. 405(b)); *see also* Fed. R. Evid. 405, Advisory Committee Note (explaining that (b) permits character proof via specific conduct in a defendant's case in chief only "when character is actually in issue"); *United States v. Clark*, 377 F. App'x 451, 460 (6th

Cir. 2010) (noting that, in evaluating whether character is an elemental issue, "[t]he relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense?") (quoting *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995)).

Defendant has been charged with wire fraud and false statements. The elements of both of these charges include deception, fraud, and concealment or omission. Although not explicitly stated in the law, both offenses are characterized by lying and dishonesty. *See Carpenter v. United States*, 484 U.S. 19, 27 (1987) (*"*[T]he words 'to defraud' in the mail fraud statute have the 'common understanding' of 'wronging one in his property rights *by dishonest methods* or schemes'"); *United States v. Wynn*, 684 F.3d 473, 478 (4th Cir. 2012) ("[T]he mail fraud and wire fraud statutes have as an element the specific intent to deprive one of something of value through a misrepresentation *or other similar dishonest method*").

By virtue of each instant law requiring as an element in some form defrauding, deceiving, or making false statements, it is impossible to fulfill the elements of either wire fraud or false statements without the character trait of dishonesty. Therefore, Defendant's character trait of dishonesty is an essential element of both instant charges. Because of this, in addition to by reputation or opinion, Defendant should be allowed to prove his character by relevant specific instances of his conduct under Rule 405(b).

Even if Defendant is not granted the permission to admit any specific instance of conduct, he should be able to admit those specific instances that occurred during the alleged crime. The Government cites multiple cases that exclude specific instances of *prior* or

3

*subsequent* good conduct unrelated to the case at hand. *See United States v. Silber*, 456 F. App'x 559 (6th Cir. 2012) (excluding testimony from the defendant of no *prior* notice of overbilling by Medicare in previous jobs); *United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997) (excluding testimony of commendations for good police work received for the defendant's *former* job), and *United States v. Melton*, 2008 WL 4829893 (S.D. Miss. Nov. 4, 2008) (excluding testimony of awards and commendations for good police work received in the defendant's *previous* job); *United States v. Hill*, 40 F.3d 164, 169 (7th Cir. 1994) (excluding testimony of failing to steal "test letters" five months *after* the alleged crimes were committed). However, these cases do not prohibit the introduction of associated specific instances of good conduct that occurred concurrently to the alleged charges.

Defendant has been charged with wire fraud and false statements, the former allegedly beginning in October 2016 and lasting through the date of the indictment in February 2020, and the latter allegedly occurring on multiple dates in 2017. As the alleged charge took place over multiple years, any specific instance of conduct that occurred after October 20, 2016 would be material evidence of pertinent conduct because it was simultaneous to the allegations rather than unrelated previous conduct. Some of these instances include conduct such as confirming compliance with university officials and other supervisors, satisfactory remarks between team members, and progress reports. Additionally, many of these same specific instances of pertinent conduct could also fall under Federal Rule of Evidence 406.

The Government did not reveal whether they are targeting arguably immaterial historic accolades, such as professional or academic awards of Defendant, with this motion or relevant facts and evidence required for a proper defense, such as disclosures and approval from

4

teammates and supervisors.

The Defendant asks the Government to point out all specific acts of good character they seek to omit so that the Defendant can adequately argue on the merits of each specific act.

If the Government's motion is granted, Defendant should still be able to introduce events that could be described as specific instances of character that are relevant to trial and the facts of the case.

**Rule 406**

Although where the Government may seek to exclude certain instances of specific conduct through Rule 405(b), introducing some of these same good acts is protected by Federal Rule of Evidence 406. Rule 406 states, "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." However, "before a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988). In other words, the evidence "must be numerous enough to base an inference of systematic conduct" and to "establish one's regular response to a specific situation." *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 511 (4th Cir. 1977).

Concerning grants and other funding from various agencies, Defendant operated in the same systematic manner. Between 2014 and 2020, Defendant submitted over 20 grant proposals in which he relied on information, instruction, and guidance given to him, asked questions when

5

Case 3:20-cr-00021-TAV-DCP   Document 90   Filed 05/25/21   Page 5 of 6   PageID #: 694

needed, and completed required forms and disclosures to the best of his knowledge. He never once strayed from this systematic conduct and acted in accordance with the routine practice of his position each and every time. His regular response to a solicited proposal was to follow the instructions given and check with supervisors when needed. Therefore, specific instances of conduct concerning Defendant's regular application process for proposals and grants should be admitted because it was a semi-automatic procedure.

WHEREFORE, the Defendant requests this Honorable Court to not exclude statements and arguments regarding Defendant's past good character in any form under Rule 405.

Respectfully submitted this 25th day of May, 2021

s/A. Philip Lomonaco
A. Philip Lomonaco, BPR#011579
800 S. Gay Street, Suite 1950
Knoxville, TN 37929
(865) 521-7422
(865) 521-7433 fax
phillomonaco@gmail.com

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U. S. Mail. Parties may access this filing through the Court's electronic filing system.

s/A. Philip Lomonaco