UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANMING HU | Case No. 3:20-CR-21<br><br>JUDGES VARLAN / POPLIN |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE STATEMENTS AND TESTIMONY OF WITNESSES THAT HAVE BEEN CORRUPTLY INFLUENCED BY THE GOVERNMENT

The United States respectfully submits this response in opposition to the Defendant's Motion *In Limine* to Exclude Statements and Testimony of Witnesses That Have Been Corruptly Influenced by the Government (Doc. 88). The government did not corruptly influence, or attempt to corruptly influence, the testimony of any witness. Moreover, to the extent that the defense would like to probe any potential bias or motive for any witness who testifies, he is entitled to do so on cross-examination. Accordingly, the Court should deny the defendant's motion in its entirety.

### Background

Defendant Anming Hu has been charged in an Indictment with three counts of wire fraud in violation of 18 U.S.C. § 1343, and three counts of false statements in violation of 18 U.S.C. § 1001. (*See* Doc. 3.)

The Indictment alleges that the Defendant, who was employed as an Associate Professor in the Department of Mechanical, Aerospace and Biomedical Engineering at the University of Tennessee, Knoxville ("UTK"), performed research under grants funded by U.S. government agencies, including NASA. (*Id*. at ¶ 4.) The Indictment further alleges that beginning in 2016, the Defendant engaged in a scheme to defraud NASA by falsely representing and concealing

from UTK his affiliation with the Beijing University of Technology ("BJUT"), a university in China. (*Id*. at ¶¶ 4, 21.) As alleged in the Indictment, the Defendant's representations and omissions to UTK about his affiliation with BJUT, caused UTK to falsely certify to NASA and to NASA contractors that UTK was in compliance with NASA's China Funding Restriction regarding NASA-funded projects that UTK sought and obtained on the Defendant's behalf. (*Id*. at ¶ 21.)

The Indictment also alleges three specific instances of wire fraud occurring on or about October 20, 2016 (Count One); November 12, 2018 (Count Two); and August 30, 2019 (Count Three). (*Id*. at ¶ 65.) The Indictment also alleges that the Defendant caused false statements to be made to NASA on or about February 15, 2017 (Count Four); March 9, 2017 (Count Five); and July 24, 2017 (Count Six). (*Id*. at ¶ 67.)

The government intends to call a number of witnesses at trial. Two of those witnesses are UTK employees John Zomchick and Jean Mercer. The government anticipates that each witness will testify based upon their memory of facts and events pertinent to this case which occurred during the time period of the crimes alleged in the Indictment.

Defendant moves to preclude their testimony. Defendant argues that, as John Zomchick and Jean Mercer interacted with law enforcement on three occasions after the criminal events alleged in the Indictment but prior to the bringing of the Indictment, their testimony is therefore corruptly influenced and must be precluded. The defendant's argument is meritless and should be rejected.

**Argument**

A. **The Court Should Not Preclude Witness Testimony from John Zomchick or Jean Mercer.**

The government anticipates that both John Zomchick and Jean Mercer will testify about facts and events based on their independent recollection and knowledge which pertain to the defendant's criminal conduct. In short, the government will seek to elicit relevant, admissible testimony that is probative to the issues before the Court. *See* FRE 401-03. The facts to which they will testify pre-date the allegedly corrupt meetings with law enforcement which defendant claims were designed to influence their testimony. The government anticipates that the witnesses will further testify about their basis of knowledge for the testimony they provide to the Court, consistent with all testimony.

Notably, the defendant does not offer any specific proof of what the corrupting influence he alleges actually was. He does not allege that the witnesses were encouraged to testify falsely, alter documents, or otherwise bare false witness in this trial. Nor does defendant specifically allege any inducement provided by law enforcement to these witnesses or explain what benefit was offered to the witnesses.

It is well established that a witness's potential motives and bias may be probed on cross-examination. *See United States v. Abel*, 469 U.S. 45 (1984). Should the defendant wish to question the witnesses about their motives and bias based upon later interactions with law enforcement, and if those questions are otherwise permissible pursuant to the Federal Rules of Evidence and this Court's discretion, he may do so. In this manner, the jury will be free to evaluate the testimony of John Zomchick and Jean Mercer in light of this perceived bias, and determine how much weight, if any, to give to it.

## **Conclusion**

For these reasons, the Court should deny the defendant's motion *in limine* in its entirety.

Respectfully submitted on May 28, 2021.

                              FRANCIS M. HAMILTON III
                              ACTING UNITED STATES ATTORNEY

By:    *s/ Casey T. Arrowood*
        Assistant United States Attorney
        TN BPR No. 038225
        800 Market Street, Suite 211
        Knoxville, TN 37902
        (865) 545-4167
        Casey.Arrowood2@usdoj.gov

By:    *s/ Matthew J. McKenzie*
        Trial Attorney
        NY Bar #4791513
        U.S. Department of Justice
        National Security Division
        950 Pennsylvania Ave., N.W.
        Washington, D.C. 20530
        matthew.mckenzie@usdoj.gov