# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 3:20-CR-00021 |
| | ) | |
| ANMING HU | ) | Judges Varlan/Poplin |
| | ) | |

## MOTION TO DISMISS BECAUSE OF VOID FOR VAGUENESS

Now comes Anming Hu, by and through counsel, and moves this Honorable Court to dismiss this case for the reasons set forth below.

## INTRODUCTION

Dr. Hu is accused of three counts of wire fraud (Counts 1, 2, and 3) for knowingly, willfully, and with intent to defraud, devise and intend to devise, and attempt to devise a scheme to defraud NASA, and to obtain money and property by means of materially false and fraudulent pretenses. (Indictment, Doc. 3) (18 U.S.C. sec. 1343).

Dr. Hu is also charged with three counts of false statements (Counts 4, 5, and 6) for willfully and knowingly, and with intent to deceive, cause to be made, materially false, fictitious, and fraudulent statements, representations, and omissions in a matter within the jurisdiction of the executive branch of the United States Government. (Indictment, Doc. 3) (18 U.S.C. sec. 1001).

All six of the alleged charges occurred while he was a tenured professor in the Department of Mechanical, Aerospace and Biomedical Engineering at the University of Tennessee, Knoxville ("UTK").

## **LEGAL ARGUMENT**

Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. *United States v. Harriss*, 347 U.S. 612, 617, 74 S.C. 808, 811, 98 L.Ed. 989 (1954). In determining the sufficiency of the notice, a statute must of necessity be examined in the light of the conduct with which a defendant is charged. *Robinson v. United States*, 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944 (1945).

This Honorable Court must examine the NASA Restriction language in light of the conduct with which Prof. Hu is charged. *Robinson v. United States*, 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944 (1945). "The determination of vagueness must be made in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975) (citations omitted).

As trial has proceeded, it has become clearly evident that the NASA China Restriction is a lynchpin to the Government's argument. The Government claims that Dr. Hu concealed material information from UTK in relation to the NASA China Restriction, subsequently allowing the university to falsely assure they complied. However, it was impossible for Dr. Hu to know that information was pertinent without being able to understand the restriction itself.

The NASA China Restriction has also proved to be excessively confusing as multiple witnesses have either failed to pin down a workable definition, acknowledged that it produces an uncertain meaning, or conceded that it was to be enforced upon UTK as the subcontractor/proposer, rather than Dr. Hu. NASA employee witnesses have repeatedly stated that NASA imposes additional independent restrictions on a law included in the Federal Appropriations Bill, such as that the language "China or Chinese-owned company" includes Chinese universities. Not only does this interpretation not carry the weight of law, but it was also

not included in many of the places Dr. Hu was expected to look.

Evidence has shown three places where Dr. Hu could have been presented the NASA China Restriction, the NASA JPL Subcontract, the NASA CAN agreement, and the UTK China Assurance. The general provisions incorporated into the NASA JPL Subcontract, on which Dr. Hu was the principal investigator ("PI") while UTK was the subcontractor, did not indicate that Chinese universities were a part of this restriction. (Gov. 6-n, Gov. 8-aa) Additionally, the NASA Grant and Cooperative Agreement (CAN), on which Dr. Hu was the PI and UTK was the recipient, failed to indicate that Chinese universities were included in its restrictions on funding activities with China. (Gov. 9-f). Further, UTK sometimes included a China Assurance form on its proposals to NASA, but this document too failed to recognize Chinese universities as part of the restriction. (Gov. 3-z).

The Government claims that Dr. Hu's affiliation with the Beijing University of Technology ("BJUT") violated the NASA China Restriction, but they fail to state where Dr. Hu would have realized that this specific relationship was a violation. The government points to what Dr. Hu was told by UTK administration or NASA employees, but these interactions never indicated a collaboration such as Dr. Hu's would be an issue. Drew Haswell told Dr. Hu that the China Restriction does not apply to faculty. (Gov. 8-c). He also removed the Chinese collaboration letter from the NASA JPL proposal, but never indicated why. (8-cc). Yoseph Bar-Cohen told Dr. Hu that the letters he provided could not be used on the proposal. (Def. 64). He also removed the mentioning of the use of a facility in China because that collaboration was not allowed, but never told Dr. Hu why. (Gov. 8-ee).

Dr. Hu was expected to understand that Chinese universities were included in the NASA China Restriction, but the Government has failed to show how he would have known that

3

through provided documents, contracts, and interactions. Therefore, the charges should be dismissed because the NASA China Restriction, a aspect to the Government's allegations, is vague and indistinct.

For these reasons, the charges in this case should be dismissed because they are void for vagueness.

WHEREFORE, the Defendant requests this Honorable Court to dismiss the charges in this case.

Respectfully submitted this 11th day of June 2021

s/A. Philip Lomonaco
A. Philip Lomonaco, BPR#011579
800 S. Gay Street, Suite 1950
Knoxville, TN 37929   (865) 521-7422
(865) 521-7433 fax
phillomonaco@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U. S. Mail. Parties may access this filing through the Court's electronic filing system.

s/A. Philip Lomonaco