UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANMING HU | Case No. 3:20-CR-21<br><br>JUDGE VARLAN |

**MOTION FOR A FINDING OF EXCLUDABLE DELAY
UNDER THE SPEEDY TRIAL ACT, 18 U.S.C. § 3161 *et seq*.**

  The United States of America, by Francis M. Hamilton III, Acting United States Attorney for the Eastern District of Tennessee, hereby moves the Court for an Order excluding the time period between the declaration of a mistrial and the resolution of the Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29 of the Federal Rules of Criminal Procedure under the Speedy Trial Act. The period of delay is excludable because (1) it relates to other proceedings regarding the Defendant, and (2) the ends of justice will be served by finding the period excludable.

### BACKGROUND

  On June 16, 2021, the jury was unable to reach a verdict and the Court declared a mistrial. At the conclusion of the government's case-in-chief and again after the Defendant rested, the Defendant made a Rule 29 Motion. The Court took the motion under advisement after it declared a mistrial.

  On July 6, 2021, the Defendant filed a motion seeking to ascertain whether the government intended to pursue a retrial. The government responded by asking the Court to allow until July 30, 2021, for the government to make its decision. Thereafter, the Court denied

the Defendant's motion as moot and ordered the government to state whether it plans to pursue a retrial by July 30, 2021.

On July 30, 2021, the government filed a notice stating that it will pursue a retrial and asking the Court to hold a status conference to discuss scheduling the retrial. On the same day, the Defendant renewed his Rule 29 Motion.

## ARGUMENT

Under the Speedy Trial Act, if a "defendant is to be retried again following a declaration by the trial judge of a mistrial … the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). However, the periods of delay enumerated in 18 U.S.C. § 3161(h) are excluded from the 70-day time period for a retrial. Two types of excludable delay are present here.

First, the time period during which the Defendant's Rule 29 Motion is under advisement by the Court is excludable as a "period of delay resulting from other proceedings concerning the defendant" under 18 U.S.C. § 3161(h)(1). Although consideration of post-trial motions is not expressly listed in Section 3161(h)(1), "[t]he listed proceedings are only examples of delay resulting from other proceedings concerning the defendant and are not intended to be exclusive." *United States v. Montgomery*, 395 Fed. App'x 177, 182 (6th Cir. 2010) (quoting *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987) (internal quotations omitted); see also *United States v. Salerno*, 108 F.3d 730, 736 (7th Cir. 1996) (finding that time spent litigating post-trial motions and resolving sentencing disputes was excludable under Section 3161(h)).

Likewise, the time period provided by the Court for the government to decide whether to pursue a retrial is excludable under Section 3161(h)(1). *United States v. Van Someren*, 118 F.3d 1214, 1217 (8th Cir. 1997) ("[T]he court admittedly could not set a trial schedule until it

2

resolved the issue of whether or not the Government would retry the defendant. Given the necessity of this information to the court's ability to properly dispose of the matter before it, we find that this time should similarly be excluded under the 'other proceedings' section 3161(h)(1).").

Second, consideration of the Defendant's Rule 29 Motion merits an ends-of-justice continuance under 18 U.S.C. § 3161(h)(7). Under Section 3161(h)(7), any period of delay resulting from a continuance granted by the judge is excludable "if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In this case, if the Court were to grant the Defendant's Rule 29 Motion in full, then there would be no retrial. Therefore, excluding the time period in which the Court is considering the Defendant's Rule 29 motion is the most logical and efficient approach because it allows the parties and the Court to conserve resources and streamline any future proceedings.

## CONCLUSION

For these reasons, the government respectfully moves the Court for an Order excluding the time period between the declaration of a mistrial and the resolution of the Defendant's Rule 29 Motion under the Speedy Trial Act. In the alternative, the government respectfully requests that the Court exclude the time period provided to the government to decide whether to pursue a retrial in this case.

Respectfully submitted on August 25, 2021.

                              FRANCIS M. HAMILTON III
                              ACTING UNITED STATES ATTORNEY

By:   *s/ Casey T. Arrowood*
       Assistant United States Attorney
       TN BPR No. 038225
       800 Market Street, Suite 211
       Knoxville, TN 37902
       (865) 545-4167
       Casey.Arrowood2@usdoj.gov

4

Case 3:20-cr-00021-TAV-DCP   Document 131   Filed 08/25/21   Page 4 of 4   PageID #: 2270