| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:20-CR-00021 |
| | ) |
| ANMING HU | ) |
| | ) |

## DEFENDANT'S MOTION TO CONTACT FORMER SELECT JURORS

Now comes the Defendant Professor Anming Hu and moves this Honorable Court to allow Defendant to contact certain jurors from the previous trial, which began on June 7, 2021.

E.D. Tenn. L.R. 48.1 states,

> Unless permitted by the Court, no attorney, representative of an attorney, party or representative of a party, may interview, communicate with, or otherwise contact any juror or prospective juror before, during, or after the trial. Permission of the Court must be sought by an application made orally in open court or upon written motion stating the grounds and the purpose of the contact. If permission is granted, the scope of the contact and any limitations upon the contact will be prescribed by the Court prior to the contact.

"This Court's local Rule is a codification of the historical practice in federal courts in which 'interrogations of jurors have not been favored ... except where there is some showing of illegal or prejudicial intrusion into the jury process.'" Duggan v. Rich, No. 2:07-CV-184, 2011 WL 13309059, at *1 (E.D. Tenn. Oct. 12, 2011) (quoting United States v. Riley, 544 F. 2d 237, 242 (5th Cir. 1976), cert. denied 430 U.S. 932 (1977)). The public policy reasons behind this rule are to protect jurors and deliberations from intrusive inquiry. Duggan, No. 2:07-CV-184, 2011 WL 13309059, at *1 (E.D. Tenn. Oct. 12, 2011) (citing Mattox v. United States, 146 U.S. 140 (1892); McDonald v. Pless, 238 U.S. 264 (1915)). If the American jury system is to operate properly, jurors should feel free to speak their minds during the jury's deliberations without fear of later harassment or having themselves subjected to interrogation by lawyers. Duggan, No. 2:07-CV-184, 2011 WL 13309059, at *1 (E.D. Tenn. Oct. 12, 2011).

However, since the conclusion of trial, through no effort of Defendant, several jurors have attempted to contact the attorney for Defendant, Anming Hu. These attempts have persisted from the first day after trial until this week. Further, some jurors have made themselves available for interview with various news outlets.

If Defendant were to contact these select jurors, it would not run afoul the policy reasons behind protecting jurors from intrusive inquiry because they are asking to speak with Defendant's counsel regarding the previous trial. The purpose of this contact would allow these 2 or 3 jurors to be able to satisfy their desire to speak with Defense Counsel and Defendant would be able to use this information to understand the jurors' perspective and assist in preparing for a retrial.

WHEREFORE, Defendant respectfully requests the Court allow Defendant's counsel to make phone contact with select jurors who have attempted to reach out to counsel. And, if they desire to meet in person, to allow for such meeting.

Respectfully submitted this 27th day of August 2021.

s/A. Philip Lomonaco
A. Philip Lomonaco, BPR#011579
800 S. Gay Street, Suite 1950
Knoxville, TN 37929
(865) 521-7422
(865) 521-7433 fax
phillomonaco@gmail.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U. S. Mail. Parties may access this filing through the Court's electronic filing system.

s/A. Philip Lomonaco