UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA

v.

ANMING HU

Case No. 3:20-CR-21

JUDGES VARLAN / POPLIN

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO CONTACT JURORS**

The Defendant's motion to interview select jurors should be denied because the Defendant has not demonstrated the "the extraordinary showing [that] must be made in support of a request for a post verdict interview of jurors." *Duggan v. Rich*, No. 2:07-CV-184, 2011 WL 13309059, at *2 (E.D. Tenn. Oct. 12, 2011) (Greer, J.).

Local Rule 48.1, which addresses contact with jurors by parties, is "a codification of the historical practice in federal courts in which interrogations of jurors have not been favored … except where there is some showing of illegal or prejudicial intrusion into the jury process." *Id*. at *1 (internal quotations and citations omitted).  The rule furthers the policy interests in favor of "protecting a jury's deliberations from intrusive inquiry, thus preserving one of the most basic and critical precepts of the American jury system: the integrity of the jury." *Id*.

The basis for the juror interviews proposed by the Defendant does not meet this high bar. "Requests to contact jurors are generally granted only when a substantial showing is made that prejudicial information was improperly conveyed to the jury." *Duggan*, 2011 WL 13309059, at *2 (collecting cases).  The Defendant does not argue that the jury process was somehow tainted by illegal or prejudicial intrusion.  Instead, the Defendant offers that the juror interviews will allow the Defendant to "understand the jurors' perspective and assist in preparing for a retrial."

This is not a sufficient basis to allow the juror interviews.  *See id.* at *2 ("[T]his Court is doubtful that a request for post verdict interviews of jurors for the purpose of helping the case settle prior to retrial is the sort of extraordinary circumstance which would warrant an intrusion into the jury's deliberative processes."); *Scheib v. Boderk*, 3:07-CV-446, 2013 WL 11458813, at *1 (E.D. Tenn. Sept. 11, 2013) ("general curiosity" about a juror's verdict is not a sufficient basis for a juror interview).

Moreover, the result should not be different simply because a juror may be willing to be interviewed.  Allowing a party to interview a juror, even if the juror is willing, necessarily invades the secrecy of the internal deliberative processes of the jury as a whole.  *See Duggan*, 2011 WL 13309059, at *2 ("Post verdict interrogations by lawyers clearly have a chilling effect on frankness and freedom of discussion within the jury room.").

For the reasons stated herein, the Defendant has not provided a sufficient basis justifying juror interviews.  Therefore, the Court should "preserve the integrity of the jury system," *id*. at *1, and deny the Defendant's motion.

Respectfully submitted on September 3, 2021.

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY


By:     *s/ Casey T. Arrowood*
        Casey T. Arrowood
        Assistant United States Attorney
        TN BPR# 038225
        800 Market Street, Suite 211
        Knoxville, TN 37902
        (865) 545-4167
        Casey.Arrowood2@usdoj.gov

2