UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.: 3:20-CR-21-TAV-DCP |
| ANMING HU, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's Motion to Contact Former Select Jurors [Doc. 136]. Defendant requests permission, under Local Rule 48.1, to contact select jurors, who have attempted to contact defense counsel, to allow them to satisfy their desire to speak to defense counsel and allow defendant to gain information about the jurors' perspective for purposes of preparing for a retrial. The government has responded in opposition [Doc. 137], arguing that defendant's request for juror interviews does not meet the high bar required for such requests. The government states that, although some jurors are apparently willing to be interviewed, such would nevertheless invade the secrecy of the deliberative process of the jury as a whole [*Id*.].

Local Rule 48.1 states as follows:

> Unless permitted by the Court, no attorney, representative of an attorney, party or representative of a party, may interview, communicate with, or otherwise contact any juror or prospective juror before, during, or after the trial. Permission of the Court must be sought by an application made orally in open court or upon written motion stating the grounds and the purpose of the contact. If permission is granted, the scope of the contact and any

> limitations upon the contact will be prescribed by the Court prior to the contact.

E.D. Tenn. L.R. 48.1. This local rule "is a codification of the historical practice in federal courts in which 'interrogations of jurors have not been favored . . . except where there is some showing of illegal or prejudicial intrusion into the jury process.'" *Duggan v. Rich*, No. 2:07-cv-184, 2011 WL 13309059, at *1 (E.D. Tenn. 2011) (quoting *United States v. Riley*, 544 F. 2d 237, 242 (5th Cir. 1976)). "Post verdict interrogations by lawyers clearly have a chilling effect on frankness and freedom of discussion within the jury room," and thus, an "extraordinary showing" must be made to support a request for a post-verdict interview of jurors. *Id.* at *1–2. Specifically, "[r]equests to contact jurors are generally granted only when a substantial showing is made that prejudicial information was improperly conveyed to the jury." *Id.* at *2.

The Court does not find defendant's grounds for interviewing jurors sufficiently compelling to warrant the extraordinary circumstance of allowing post-verdict interviews of jurors in this case. If the Court were to find defendant has made an "extraordinary showing" for juror interviews in this case, the Court would have to find such a showing in any case that resulted in a mistrial and was pending retrial, effectively eliminating the need that the showing be "extraordinary." The fact that jurors have attempted to contact defense counsel does not change this analysis, because the consent of some jurors is not the consent of *all* jurors and allowing select jurors to discuss the jury's deliberative process with defense counsel would invade the secrecy of the jury's deliberative process and potentially chill such deliberations in future cases. Accordingly, the Court finds that defendant has

2

Case 3:20-cr-00021-TAV-DCP    Document 138    Filed 09/08/21    Page 2 of 3    PageID #: 2288

not met the high burden for establishing that post-verdict interviews of select jurors is appropriate, and his motion [Doc. 136] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE