UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:20-CR-21-TAV-DCP ) |
| ANMING HU, | ) ) |
| Defendant. | ) ) |

## **ORDER**

This matter is before the Court on the government's Motion for a Finding of Excludable Delay under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* [Doc. 131]. The government asks the Court to enter an order excluding the time between the declaration of a mistrial and the resolution of defendant's currently pending motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, stating that such time is excludable because it relates to other proceedings involving the defendant and the ends of justice will be served by finding the period excludable [*Id.* at 1]. Alternatively, the government asks the Court to exclude the time it previously provided to the government to decide whether to pursue a retrial in this case [*Id.* at 3]. Defendant has responded stating that he agrees with the government's legal argument and does not oppose the motion [Doc. 135].

Subsection (e) of Section 3161 states that "[i]f the defendant is to be tried again following a declaration by the trial judge of a mistrial . . . the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C.

§ 3161(e). However, the periods of delay set forth in section 3161(h) are excluded in computing the time limit under subsection (e). *Id.* Of relevance, Subsection (h) states that periods of delay resulting from "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H).

Here, the Court declared a mistrial on June 16, 2021 [Doc. 118], meaning that, absent any exclusion of time, the Speedy Trial Act deadline for a retrial was Wednesday, August 25, 2021, the date of the government's motion [Doc. 131]. However, the Court has held defendant's Rule 29 motion for judgment of acquittal under advisement since it was originally raised, during the first trial of this case. Accordingly, and in light of the parties' agreement, the Court finds it appropriate to deem a period of thirty (30) days, during which the Rule 29 motion has remained under advisement, excludable under the Speedy Trial Act. The government's motion [Doc. 131] is therefore **GRANTED**, and a period of thirty (30) days between the date of the mistrial and the current date shall be deemed excluded for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(H).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

2

Case 3:20-cr-00021-TAV-DCP   Document 140   Filed 09/09/21   Page 2 of 2   PageID #: 2295